Terry E. Welch (5819)
Bentley J. Tolk (6665)
Michael S. Wilde (14366)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
twelch@parrbrown.com
btolk@parrbrown.com
mwilde@parrbrown.com

*Attorneys for Plaintiff Millrock Investment Fund 1, LLC*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT, LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; and JUSTIN SMITH, <br><br> Defendants. | **PROPOSED ORDER RE: PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, OR IN THE ALTERNATIVE, FOR WRIT OF PRE-JUDGMENT EXECUTION, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF A RECEIVER** <br><br> Case No. 2:23-cv-000157-JNP <br><br> Judge Jill N. Parrish |

      Having reviewed the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and for Appointment of Receiver ("Motion"), and good cause appearing,

      IT IS HEREBY ORDERED that:

1. Plaintiff's Motion is granted.

2. Defendants and their agents are enjoined from transferring or disposing of the Equipment Funds received from Plaintiff pending further order except as provided herein.

3. Defendants are ordered to deposit with the Court within 48 hours of the entry of this order the amount of $4,642,000 which will be held by the Court pending further order.

4. In the event Defendants fail to do so, Plaintiff will be immediately entitled to a pre-judgment writ of execution against Defendants for $4,642,000 and is ordered to submit a proposed writ at that time.

5. In the event Plaintiff is unable to attach the $4,642,000 from Defendants, Plaintiff shall file a notice stating as much with the Court. Upon the filing of said notice, the Court will appoint a receiver ("Receiver") for Defendants pursuant to Rule 66, Utah Code Ann. § 25-6-303, and Utah Code Ann. § 78B-21-101 et seq.

6. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the owners, members, shareholders, officers, directors, managers and general and limited partners of Defendants under applicable state and federal law, by the governing charters, bylaws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by Fed. R. Civ. P. 66 and this Court.

7. The Receiver shall have the following general powers and duties:

    a. To use reasonable efforts to determine the nature, location and value of all property interests of the Defendants, including, but not limited to, monies, accounts, trusts, funds, securities, credits, stocks, bonds, effects, goods, chattels,

intangible property, real property, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property");

b. To take custody, control and possession of all Receivership Property and records relevant thereto from the Defendants; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

c. To manage, control, operate and maintain the Receivership Property and hold in his/her possession, custody and control all Receivership Property, pending further Order of this Court;

d. To use Receivership Property for the benefit of the Receivership, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his/her duties as Receiver;

e. To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, members, shareholders, trustees and agents of the Defendants;

f. To engage and employ persons in his/her discretion to assist him in carrying out his/her duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, or forensic experts;

g. To take such action as necessary and appropriate for the preservation of

  Receivership Property or to prevent the dissipation or concealment of Receivership Property;

 h. To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

 i. To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his/her duties as Receiver;

 j. To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership estate; and,

 k. To take such other action as may be approved by this Court.

8. The Defendants are directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

9. The Defendants and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver which would interfere with or prevent the Receiver from performing his/her duties.

10. The Defendants shall cooperate with and assist the Receiver in the performance of his/her duties.

11. The Receiver shall promptly notify the Court and counsel for the United States of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

12. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his/her fiduciary obligations in this matter.

13. The Receiver and his/her agents, acting within the scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel nor shall the Receiver or Retained Personnel be liable to anyone for actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

14. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

15. Within 60 days from the entry of the order appointing the Receiver, the Receiver shall file and serve an accounting of the Receivership estate, reflecting (to the best of the Receiver's knowledge) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates. The Receiver shall also detail his/her efforts in locating Receivership Property and what, if any, additional efforts need to be

    undertaken to provide a full accounting of each Receivership Estate to this Court.

16. The Receiver's fees shall be paid by the Defendants or from the Receivership estate upon approval of the Court, with prior notice and opportunity to respond to any fee application.

**IT IS SO ORDERED**.

D<small>ATED</small> this _____ day of March 2023.

_____
Judge Jill N. Parrish

4880-6549-9733