Terry E. Welch (5819)
Bentley J. Tolk (6665)
Michael S. Wilde (14366)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
twelch@parrbrown.com
btolk@parrbrown.com
mwilde@parrbrown.com

*Attorneys for Plaintiff Millrock Investment Fund 1, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC, | **DECLARATION OF KEVIN G. LONG** |
| Plaintiff, | Case No. 2:23-cv-00157-JNP |
| v. | |
| HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT, LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; and JUSTIN ~~~~~~ | Judge Jill N. Parrish |
| Defendants. | |

1. I am over the age of 18 and if called to testify could testify truthfully to the

matters stated herein.

2. I have worked for 34 years in commercial real estate. I have a Utah Real Estate Brokers License. After working with Colliers International and being the founding Principal Broker of its predecessor CBC Advisors for 25 years, I left to found Millcreek Commercial, which has obtained and divided $150 millions of dollars in commercial real estate investments for its clients.

3. I am the Manager of Millrock Investment Fund 1 Management, LLC, which is the managing member of Millrock Investment Fund 1, LLC ("Millrock").

4. Millrock is an investment and development fund that buys and sells commercial properties and then divides and sells its fee simple title to various tenant-in-common owners (the "TIC Owners").

5. Millrock contracted with non-party ADP to construct two surgical centers for HSMG or its subsidiaries to lease and operate in Draper, Utah ("Draper Project") and Keller, Texas ("Keller Project") (collectively, the "Surgical Centers"). Attached hereto as Exs. 1 and 2 are copies of the agreements for the construction of the Surgical Centers.

6. In connection with construction of the Surgical Centers, Millrock was required to pay ADP $2.55 million for the Draper Project and $2.55 million for the Keller Project as an equipment allowance (collectively the "Equipment Allowance") to equip each Surgical Center, and ADP was then required to transfer the Equipment Allowance to HSMG. ADP would submit draw requests for the Equipment Allowance at various

2

points throughout the development process, and ADP would transfer those draws to HSMG. Attached hereto as Ex. 3 is a copy of the Draper construction budget. Attached hereto as Ex. 4 is a copy of the Keller construction budget.

7. The building for the Draper Project was purchased under the budget for $4,475,460.00. During the construction of the Draper Project, total draws for the project were made in the amount of $9,539,776.89, of which $2,310,000 was designated as an Equipment Allowance under the budget. Attached hereto as Ex. 5 are copies of the Draper location settlement statement and draws.

8. During the construction of the Keller Project, draws for the Equipment was made in the amount of $2,332,000. Attached hereto as Ex. 6 are copies of the Keller settlement statement and draws.[1]

9. HSMG or its affiliated entities, as the lessee, signed the leases for the Surgical Centers. When one of HSMG's affiliated entities (as opposed to HSMG) signed the lease for one of the ACM Centers or the Surgical Centers, HSMG acted as the guarantor of its affiliated entity's obligations under the lease.

10. Specifically, the Draper Lease is set forth in an Ambulatory Surgery Center Lease Agreement between ADP, as the landlord, and SARC by HSI – DRAPER, UT Inc., as the tenant, entered into on or about November 12, 2020. Smith signed the

---

[1] In the process of preparing this filing, I discovered that Millrock appears to have mistakenly been double billed on certain amounts relating to the Keller Project. Millrock and ADP are working together to remedy the problem. Consequently, Millrock paid more than the contract price, however, both Millrock and ADP agree that $2,332,000 of the total payments were for Equipment.

Draper Lease purportedly on behalf of SARC by HSI – DRAPER, UT Inc. Ex. 7. Upon information and belief, SARC by HSI – DRAPER, UT Inc. was intended to be an entity owned or controlled by HSMG or one of its subsidiaries of affiliates, however we have subsequently been unable to find any entity by this name.

11. On or about November 20, 2020, ADP executed a written assignment of all of its rights, interests, and obligations in the Draper Lease to SARC Draper, LLC. Attached hereto as Ex. 8 is a copy of this assignment relating to the Draper surgical center.

12. On or about January 12, 2021, SARC Draper, LLC assigned all of its rights, interests, and obligations in the Draper Lease to Millrock. Attached hereto as Ex. 9 is sample of this assignment to the TIC Owners.

13. On or about April 6, 2022, Millrock assigned all of its rights, title, and interest in the Draper Lease to certain of the TIC Owners. Attached hereto as Ex. 10 is a copy of this assignment.

14. HSMG was the guarantor for the Draper Lease, and Smith also signed the Guaranty on behalf of HSMG. Ex. 7.

15. The Keller Lease is set forth in an Ambulatory Surgery Center Lease Agreement between Millrock, as the landlord, and SARC by HSI – KELLER, TX Inc., as the tenant, entered into as of November 18, 2020. Smith signed the Keller Lease on behalf of SARC by HSI – KELLER, TX Inc. Attached hereto as Ex. 11 is a copy of this lease. Upon information and belief, SARC by HSI – Keller, TX Inc. was intended to be an

4

entity owned or controlled by HSMG or one of its subsidiaries of affiliates, however we have subsequently been unable to find any entity by this name.

16. HSMG was the guarantor for the Keller Lease, and Smith also signed the Guaranty on behalf of HSMG. Ex. 11.

17. Around November 19-20, 2020, Millrock assigned its rights and interest in the Keller Lease (and certain associated purchase agreement rights in the Keller Project) to certain of the TIC Owners. Because these interests were sold to various owners in many different instruments, attached hereto as Ex. 12 is a sample of one of the assignments to a TIC owner, however other TIC Owners purchased the balance of the interest in like manner.

18. Millrock sold its interests in the Surgical Centers to approximately 70 TIC Owners.

19. The TIC Owners owning the interests in the Surgical Centers consist of a variety of investors, however, a substantial portion of the TIC Owners invested in the Surgical Centers using retirement funds as a means of providing cash flow in retirement.

20. The Surgical Centers, however, never opened and the Keller Project never received a certificate of occupancy. Although the Keller, Texas project was almost completed, HSMG failed to provide the medical equipment specifications to the contractor, even though the contractor spent numerous months requesting the equipment specifications from HSMG. With regard to the Draper, Utah project, Constantin, Smith

and HSMG came up with various excuses for not installing equipment and thus completing the project.

21. Starting around December 2021, HSMG failed to pay its rent obligations under the Draper or Keller Leases.

22. HSMG represented to Millrock that its difficulties in making the lease payments were the result of COVID related delays and cash flow issues. Millrock worked with HSMG to rectify these cash flow issues, up to and including paying the lease payments.

23. On or about August 5, 2022, Millrock and HSMG entered into a Loan Agreement and Promissory Note (the "Millrock/HSMG Agreement") to provide HSMG cash flow to meet its rent obligations for the Draper and Keller Surgical Centers. Attached hereto as Ex. 13 is a copy of this agreement.

24. Millrock complied with the terms of the Millrock/HSMG Agreement.

25. Notwithstanding Millrock's attempts to assist HSMG's alleged cash flow problem, in or about September 2022, HSMG or its subsidiaries stopped making lease payments under each of their lease agreements at the Surgical Centers.

26. On November 30, 2022, I participated in a phone call with Josh Constantin and Brent Smith. I stated that HSMG was either the lessee or a guarantor of the lease payments and therefore liable on the leases. During the meeting, Mr. Constantin sought to negotiate a year of free rent for each of the surgical centers. I pushed back and indicated the TIC Owners would not be inclined to give free rent and were more likely

to pursue the corporate guarantee against HSMG. In response, Mr. Constantin told me, in effect: "That has not kicked in yet. You need to tell the owners they need to work with me or I will empty the corporate shell and they will have nothing to come after. This is what I do, I am very good at it."

27. During the Call, we discussed the Equipment Funds associated with the Draper Surgical Center, discussing Millcreek filing a UCC-1 against any equipment that had been purchased with the Equipment Funds. In response, Constantin stated that he would do whatever it took to make sure that HSMG's assets, including equipment, were impossible to get to if Millrock intended to file UCC-1 filings on any equipment purchased with the Equipment Funds. Constantin further stated during the call that HSMG's single purpose subsidiary entities were set up in such a way as to make it very difficult to recover assets.

28. In December 2022, Millrock set up a zoom call between HSMG and the TIC Owners of the Draper and Keller Surgical Centers to discuss HSMG's obligations under the leases.

29. During the call with the Draper TIC Owners (the "Draper Meeting"), Constantin stated that the Equipment Allowance was paid to him as a "development fee" or "project development income," and that Constantin could use as he sees fit. He also stated that any equipment purchased with the Equipment Allowance belonged to HSMG. Constantin further represented during the Draper Meeting that SARC-Draper, and not

7

HSMG, owes money to the TIC Owners. He also represented that HSMG is a minority investor in SARC-Draper. Constantin stated that some equipment was purchased, but that he didn't know what had specifically been purchased. Constantin refused to commit to putting the Equipment Funds in trust. When confronted about past problems with the SEC, Constantin admitted that he "lied under oath" in a deposition. Attached hereto as Ex. 14 are transcriptions of relevant portions of the meeting with the Draper TIC Owners which accurately represent the nature and content of the meeting.

30. During the call with the Keller TIC Owners (the "Keller Meeting"), Constantin implied that HSH possesses and controls the Equipment Funds as "project development income," and that it can use it as it sees fit. Constantin also represented that any equipment purchased with the Equipment Funds belong to Constantin and/or one of the entities that Constantin controls. Constantin further implied during the Keller meeting that Equipment Funds were pooled with money from approximately forty other projects in a general strategic reserve account containing over $80M in cash or cash equivalents. Constantin stated that HSMG could not afford to pay rent owed on the Keller Surgical Center, and that if it did, it would bankrupt the company. Attached hereto as Ex. 15 are transcriptions of relevant portions of the meeting with the Keller TIC Owners which accurately represent the nature and content of the meeting.

31. During the meetings with the TIC Owners, Constantine indicated that HSMG's contract with ADP provided that the FFE funds would be paid to HSMG as a

8

development fee. Millrock was later provided a copy of the contract between ADP and HSMG, and while it does discuss a development fee, the fee is payable *to ADP*. There is no development fee payable to HSMG. Attached hereto as Ex. 16 is a copy of the agreement provided by HSMG. To date, HSMG has not delivered the Equipment, and has not returned, or accounted for, the Equipment Funds.

32. On December 14, 2022, Millrock's attorney sent a Notice of Default and Acceleration of Debt (the "Notice of Default") to HSMG accelerating the amounts due under the Millrock/HSMG Agreement. Attached hereto as Ex. 17 is a copy of the Notice of Default.

33. On or around February 14, 2023, HSMG filed a Form 8-K with the SEC indicating that Smith was removed as a member of the board effective immediately. As part of Smith's separation with the company, HSMG agreed to pay Landes Capital Management, LLC and Landes and Compagnie Trust Prive KB $93,933,345.48 in exchange for 1 million shares of HSMG. A copy of this Form 8-K is attached hereto as Exhibit 18.

34. Based on the HSMG's most recent filing disclosing the same, the company had 92,076,638 shares outstanding, $659,194 in cash, $93,129,332 in total assets, and $14,484,751 in total liabilities. A copy of this Form 8-K is attached hereto as Exhibit 19.

35. I have been informed that Landes Capital Management, LLC was named as a

9

defendant in a lawsuit styled *Commodity Futures Trading Commission v. Financial Tree et al.*, case no. 2:20-cv-01184 in the United States District Court for the Eastern District of California. In this action, Financial Tree was found liable on claims of Commodity Option Fraud in Violation of 7 U.S.C. § 6c(b), Forex Fraud in violation of 7 U.S.C. § 6(b)(2)(A)-(C), among other claims. In this same action, Landes Capital Management, LLC was found liable on a claim of disgorgement for having received ill-gotten funds for which Landes did not provide legitimate services and to which Landes did not have a legitimate claim. Copies of the Complaint, Magistrate's Findings and Recommendations, and District Court Judge's Order adopting the Magistrate's Findings and Recommendations are included herewith as Exhibits 20, 21, and 22.

36. I am unaware of any facts that suggest that the Equipment Funds are earnings or exempt from execution.

37. Millrock is not seeking a writ of pre-judgment attachment to hinder, delay or defraud a creditor of the Defendants.

38. Upon information and belief, Defendants are not residents of this state or qualified to do business here.

I declare under penalty of perjury the foregoing is true and correct.

Dated this day __7__ of March, 2023.

4869-9946-6312

By: _____
      Kevin G. Long