UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT, LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; JUSTIN SMITH; STUART MCMAHEN; and BLACK LABEL SERVICES, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MILLROCK'S MOTION FOR ALTERNATIVE SERVICE ON DEFENDANTS HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC., JOSHUA CONSTANTIN, AND STUART MCMAHEN (DOC. NO. 42)**<br><br>Case No. 2:23-cv-00157<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Millrock Investment Fund 1, LLC filed a motion for alternative service on Defendants Healthcare Solutions Management Group, Inc. ("HSMG"), Joshua Constantin, and Stuart McMahen.[1] Millrock seeks leave to serve its second amended complaint and summonses on these defendants via mail and email. Because Millrock has shown these defendants cannot be located despite diligent efforts and its proposed methods of service are reasonably calculated to apprise the defendants of the action, the motion for alternative service is granted.

BACKGROUND

On March 2, 2023, Millrock filed this action against HSMG, Mr. Constantin, and other defendants, seeking to recover equipment money paid by Millrock in connection with surgical

---

[1] ("Mot.," Doc. No. 42.)

1

centers in Utah and Texas.[2] Millrock filed an amended complaint adding claims against Mr. McMahen.[3] On March 23, 2023, Millrock filed a second amended complaint,[4] which is the operative complaint Millrock now seeks to serve via alternative means.

Millrock alleges HSMG is a Delaware corporation; Mr. Constantin "is or was the comptroller and/or head of commercial real estate for HSMG"; and Mr. McMahen is or was HSMG's general counsel.[5] Millrock also provided a recent SEC filing stating that Mr. Constantin was appointed as HSMG's interim CEO, CFO, and sole member of the board of directors on March 15, 2023.[6]

As set forth in the motion for alternative service and accompanying declaration and exhibits, Millrock has made the following efforts to serve these defendants.

1. HSMG

Millrock's counsel searched the Delaware Secretary of State's website for the identity and location of HSMG's registered agent, but the website indicates there is no registered agent.[7] On February 14 and March 10, 2023, HSMG filed forms with the SEC stating that HSMG's principal executive offices were at an address in Glen Cove, New York.[8] A process server

---

[2] (*See id.* ¶ 1; Compl., Doc. No. 1.)

[3] (*See* Am. Compl., Doc. No. 16.)

[4] (Second Am. Compl., Doc. No. 28.)

[5] (*See id.* ¶¶ 2, 80, 82.)

[6] (*See* Ex. 3 to Decl. of Bentley J. Tolk ("Tolk Decl."), Form 8-K (Mar. 15, 2023), Doc. No. 42-1 at 11–16.)

[7] (*See* Tolk Decl. ¶ 3, Doc. No. 42-1 at 2; Ex. 1 to Tolk Decl., Doc. No. 42-1 at 7–8.)

[8] (*See* Tolk Decl. ¶¶ 4–5, Doc. No. 42-1 at 2; Ex. 18 to First Mot. for TRO and Prelim. Inj., Doc. No. 3-1 at 268–72; Ex. 26 to Second Mot. for TRO and Prelim. Inj., Doc. No. 17-2 at 15–20.)

attempted to serve the original complaint on HSMG at the Glen Cove address but was told HSMG had moved in September or October 2022.[9]

On March 21, 2023, HSMG filed a form with the SEC indicating the address of its principal executive offices had been changed to 26 Reynolds Street, Springhill, Louisiana.[10] This form also indicated Mr. Constantin had been appointed on March 15 as HSMG's interim CEO, CFO, and sole member of the board of directors.[11]

A process server had attempted to serve the original complaint on Mr. Constantin at the Reynolds Street address in Springhill on March 10, but no one answered the door.[12] The process server commented that this address "appear[ed] to be an attorney's office by appointment only," and it appeared "no one ha[d] been in to open the office for an extended period of time."[13]

Between March 30 and April 11, the process server made at least four attempts to serve the second amended complaint on HSMG at the Reynolds Street office, but no one answered the door.[14] These attempts occurred both during ordinary business hours and, on one occasion, on a

---

[9] (*See* Ex. 2 to Tolk Decl., Aff. of Akaash Vaasudeva, Doc. No. 42-1 at 9–10.)

[10] (*See* Ex. 3 to Tolk Decl., Form 8-K (Mar. 15, 2023), Doc. No. 42-1 at 11–16.)

[11] (*See id.*)

[12] (*See* Ex. 4 to Tolk Decl., Aff. of Michael Malpass (Mar. 11, 2023), Doc. No. 42-1 at 17–18.)

[13] (*Id.*)

[14] (*See* Ex. 9 to Tolk Decl., Aff. of Michael Malpass re HSMG Service Attempts (Apr. 11, 2023), Doc. No. 42-1 at 30–31.) The affidavit lists six "attempts," but two of these appear to document phone calls rather than service attempts.

weekend.[15]  The process server called the office number and spoke with a "secretary" who indicated the office was open only part time but did not provide the business hours.[16]

    2.  *Joshua Constantin*

On March 10, 2023, the original complaint was personally served on Mr. Constantin (via his daughter) at a residential address in Slidell, Louisiana.[17]  Mr. Constantin then emailed Millrock's counsel about this case on March 15, using a gmail.com address.[18]  Mr. Constantin also attended a status conference in this case via videoconference on March 15,[19] but he has not otherwise appeared.

Between March 30 and April 8, a process server made six unsuccessful attempts to serve the second amended complaint on Mr. Constantin at the Slidell address.[20]  The process server indicated this was a gated residence, and no one answered the intercom at the driveway entry gate.[21]

    3.  *Stuart McMahen*

The Louisiana State Bar directory lists Mr. McMahen's address as the Reynolds Street office.[22]  Millrock searched for contact information for Mr. McMahen on Westlaw's site and

---

[15] (*See id.*)

[16] (*See id.*)

[17] (*See* Ex. 5 to Tolk Decl., Aff. of Jessica Warren (Mar. 11, 2023), Doc. No. 42-1 at 19–21.)

[18] (*See* Tolk Decl. ¶ 10, Doc. No. 42-1 at 3–4; Ex. 6 to Tolk Decl., Email from J. Constantin to B. Tolk (Mar. 15, 2023), Doc. No. 42-1 at 22–24.)

[19] (*See* Tolk Decl. ¶ 11, Doc. No. 42-1 at 4; Minute Order, Doc. No. 27.)

[20] (*See* Ex. 7 to Tolk Decl., Aff. of Jessica Warren (Apr. 10, 2023), Doc. No. 42-1 at 25–26.)

[21] (*See id.*)

[22] (*See* Tolk Decl. ¶ 13, Doc. No. 42-1; Ex. 8 to Tolk Decl., Doc. No. 42-1 at 27–29.)

discovered that his home address was on Hortman Drive in Springhill, Louisiana.[23] A process server made multiple attempts to serve Mr. McMahen at both the Reynolds Street office and the Hortman Drive address, but no one answered the door at either address.[24] The process server observed a package addressed to Mr. McMahen at the front door of the Hortman Drive residence during two attempts.[25]

## LEGAL STANDARDS

Rule 4(h) of the Federal Rules of Civil Procedure governs service of a corporation, partnership, or other unincorporated entity. This rule permits service of an entity in the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual," or "by delivering a copy of the summons and of the complaint to an officer, [or] a managing or general agent."[26] And Rule 4(e)(1) provides that service on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[27] Because Millrock filed this action in the District of Utah, Utah law is applicable.

As relevant here, the Utah Rules of Civil Procedure permit service of an individual by "delivering a copy of the summons and complaint to the individual personally, or by leaving

---

[23] (See Tolk Decl. ¶ 15, Doc. No. 42-1 at 4; Ex. 10 to Tolk Decl., Doc. No. 42-1 at 32–35.)

[24] (Ex. 11 to Tolk Decl., Aff. of Michael Malpass re McMahen Service Attempts at Hortman Drive (Apr. 11, 2023), Doc. No. 42-1 at 36–37; Ex. 12 to Tolk Decl., Aff. of Michael Malpass re McMahen Service Attempts at Reynolds Street (Apr. 11, 2023), Doc. No. 42-1 at 38–39.)

[25] (Ex. 11 to Tolk Decl., Aff. of Michael Malpass re McMahen Service Attempts at Hortman Drive (Apr. 11, 2023), Doc. No. 42-1 at 36–37.)

[26] Fed. R. Civ. P. 4(h)(1)(A)–(B).

[27] Fed. R. Civ. P. 4(e)(1).

them at the individual's dwelling house or usual place of abode with a person of suitable age and discretion who resides there."[28]  A corporation may be served "by delivering a copy of the summons and complaint to an officer, [or] a managing or general agent."[29]  But "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[30]  The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party."[31]  The method of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action."[32]  Additionally, "[t]he court's order must specify the content of the process to be served and the event upon which service is complete," and "a copy of the court's order must be served with the process specified by the court."[33]

## ANALYSIS

Millrock has demonstrated both diligent efforts to locate and serve HSMG, Mr. Constantin, and Mr. McMahen, and good cause to believe these defendants are avoiding service. Millrock made multiple unsuccessful attempts to serve HSMG at the two addresses listed on its

---

[28] Utah R. Civ. P. 4(d)(1)(E).

[29] Utah R. Civ. P. 4(d)(1)(A).

[30] Utah R. Civ. P. 4(d)(5)(A).

[31] *Id.*

[32] Utah R. Civ. P. 4(d)(5)(B).

[33] *Id.*

recent SEC filings. Despite the fact that the Reynolds Street office is listed as HSMG's current address in the most recent SEC filing and as Mr. McMahen's business address in the bar directory, this office was not open during multiple service attempts during normal business hours. And although Mr. Constantin was served with the original complaint at his home address, subsequent attempts to serve the second amended complaint at that address were unsuccessful. Mulitple attempts to serve Mr. McMahen at his home address were also unsuccessful. Under these circumstances, Millrock has shown these defendants cannot be located despite diligent efforts, and there is good cause to believe all three defendants are avoiding service.

Millrock's proposed methods of service are reasonably calculated to apprise these defendants of this action. First, Millrock seeks leave to serve HSMG by mail to the Reynolds Street office and email to Mr. Constantin's gmail address.[34] Where HSMG's March 21 SEC filing provides the Reynolds Street address and lists Mr. Constantin as interim CEO, and Mr. Constantin recently used his gmail address to email Millrock's counsel regarding this case, these methods are reasonably calculated to apprise HSMG of this action.

Second, Millrock seeks leave to serve Mr. Constantin by mail to the Slidell residential address and email to his gmail address.[35] Where Mr. Constantin was served with the original complaint at the Slidell address and recently used his gmail address to email Millrock's counsel about this case, these methods are reasonably calculated to apprise Mr. Constantin of this action.

Third, Millrock seeks leave to serve Mr. McMahen by mail to the Reynolds Street office and the Hortman Drive residential address.[36] Where the Reynolds Street office is listed as Mr.

---

[34] (Mot. 2–3, Doc. No. 42.)

[35] (*Id.*)

[36] (*Id.*)

McMahen's address in the bar directory, and the process server observed a package addressed to Mr. McMahen at the Hortman Drive residential address, mailing to both these addresses is reasonably calculated to apprise Mr. McMahen of this action.  Nevertheless, Millrock must also serve Mr. McMahen by email to the email address listed in the bar directory.[37]  Further, where Mr. McMahen has not used this email address to communication with Millrock's counsel, Millrock will be required to send three emails per week for two consecutive weeks.

## CONCLUSION

For these reasons, Millrock's motion[38] is GRANTED, and the court ORDERS as follows:

1. Healthcare Solutions Management Group, Inc. may be served by both (1) mailing a summons, the second amended complaint, and a copy of this order to the Reynolds Street address, and (2) emailing the same documents to Mr. Constantin's gmail.com address.

2. Joshua Constantin may be served by both (1) mailing a summons, the second amended complaint, and a copy of this order to the Slidell address, and (2) emailing the same documents to Mr. Constantin's gmail.com address.

3. Stuart McMahen may be served by both (1) mailing a summons, the second amended complaint, and a copy of this order to the Slidell address, and (2) emailing the same documents to Mr. McMahen's email address listed in the bar directory three times per week for two consecutive weeks, not more often than once every other day (unless a reply is received acknowledging receipt).

---

[37] (*See* Ex. 8 to Tolk Decl., Doc. No. 42-1 at 27–29.)

[38] (Doc. No. 42.)

    4.    Service shall be deemed complete for each defendant upon completion of the steps set forth above. Millrock shall file proof of compliance with the court's order.

DATED this 11th day of May, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge
