Keith M. Woodwell (#7353)
Thomas A. Brady (#12454)
Nickolas C. Sessions (#18091)
**CLYDE SNOW & SESSIONS**
201 South Main Street, #2200
Salt Lake City, Utah 84111
Tel: (801) 322-2516
kmw@clydesnow.com
tab@clydesnow.com
ncs@clydesnow.com

*Attorneys for Defendants Joshua Constantin*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT, LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; JUSTIN SMITH; STUART MCMAHEN; AND BLACK LABEL SERVICES, INC., <br><br> Defendants. | **ANSWER TO SECOND AMENDED COMPLAINT AND JURY DEMAND** <br><br> Case No. 2:23-cv-000157-RJS <br><br> Chief District Judge Robert J. Shelby |

Defendant Joshua Constantin ("**Mr. Constantin**") by and through undersigned counsel, hereby files this Answer to Plaintiff's Second Amended Complaint (the "**Complaint**") and responds as follows:

{02155529-1 }

**FIRST DEFENSE**

The Complaint should be dismissed for failure to state a claim on which relief can be granted.

**SECOND DEFENSE**

Mr. Constantin admits, denies, or responds to the allegations contained in each numbered paragraph of the Complaint as follows. Each allegation in the Complaint not expressly admitted herein is hereby denied.

**PARTIES, JURISDICTION, AND VENUE**

1. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 1 and therefore denies the same.

2. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 2 and therefore denies the same.

3. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 3 and therefore denies the same.

4. Admit.

5. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 5 and therefore denies the same.

6. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 6 and therefore denies the same.

7. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 7 and therefore denies the same.

8. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 8 and therefore denies the same.

9. Admit.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin denies the same.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin denies the same.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin denies the same.

## GENERAL ALLEGATIONS

13. In response to Paragraph 13, Mr. Constantin asserts that the April 2013 case filings and judgment speak for themselves and denies any allegations inconsistent therewith. Mr. Constantin further asserts that the allegations contained in Paragraph 13 are irrelevant and have no bearing on the present case.

14. In response to Paragraph 14, Mr. Constantin asserts that the April 2013 case filings and judgment, including the securities bars, speak for themselves and denies any allegations inconsistent therewith. Mr. Constantin further asserts that the allegations contained in Paragraph 14 are irrelevant and have no bearing on the present case.

15. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 15 and therefore denies the same.

16. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 16 and therefore denies the same. To the extent that Paragraph 16 references an

agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

17. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 17 and therefore denies the same.

18. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 18 and therefore denies the same.

19. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 19 and therefore denies the same.

20. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 20 and therefore denies the same. To the extent that Paragraph 20 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

21. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 21 and therefore denies the same.

22. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 22 and therefore denies the same. To the extent that Paragraph 22 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

23. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 23 and therefore denies the same. To the extent that Paragraph 23 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

24. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 24 and therefore denies the same.

25. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 25 and therefore denies the same. To the extent that Paragraph 25 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

26. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 26 and therefore denies the same. To the extent that Paragraph 26 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

27. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 27 and therefore denies the same. To the extent that Paragraph 27 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

28. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 28 and therefore denies the same. To the extent that Paragraph 28 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

29. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 29 and therefore denies the same.

30. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 30 and therefore denies the same.

31. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 31 and therefore denies the same. To the extent that Paragraph 31 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

32. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 32 and therefore denies the same.

33. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 33 and therefore denies the same.

34. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 34 and therefore denies the same. To the extent that Paragraph 34 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

35. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 35 and therefore denies the same. To the extent that Paragraph 35 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

36. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 36 and therefore denies the same.

37. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 37 and therefore denies the same. To the extent that Paragraph 37 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

38. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 38 and therefore denies the same.

39. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 39 and therefore denies the same.

40. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 40 and therefore denies the same.

41. Mr. Constantin admits the Surgical Centers never opened, but is otherwise without information sufficient to respond to the remaining allegations therein and therefore denies the same.

42. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 42 and therefore denies the same.

43. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 43 and therefore denies the same.

44. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 44 and therefore denies the same. To the extent that Paragraph 44 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

45. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 45 and therefore denies the same.

46. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 46 and therefore denies the same.

47. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 47 and therefore denies the same.

48. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 48 and therefore denies the same. To the extent that Paragraph 48 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

49. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 49 and therefore denies the same. To the extent that Paragraph 49 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

50. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 50 and therefore denies the same. To the extent that Paragraph 50 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

51. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 51 and therefore denies the same. To the extent that Paragraph 51 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

52. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 52 and therefore denies the same. To the extent that Paragraph 52 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

53. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 53 and therefore denies the same. To the extent that Paragraph 53 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

54. In response to Paragraph 54, Mr. Constantin denies he never took action to secure the bonds, but is otherwise without information sufficient to respond to the remaining allegations therein and therefore denies the same.

55. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 55 and therefore denies the same. To the extent that Paragraph 55 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

56. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 56 and therefore denies the same. To the extent that Paragraph 56 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

57. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 57 and therefore denies the same. To the extent that Paragraph 57 references an agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

58. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 58 and therefore denies the same. To the extent that Paragraph 58 references an

agreement, Mr. Constantin asserts that any referenced agreements speak for themselves and denies any allegations inconsistent therewith.

59. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 59 and therefore denies the same.

60. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 60 and therefore denies the same.

61. In response to Paragraph 61, Mr. Constantin admits he participated in a phone call with Mr. Long, Mr. Smith, and Mr. Butera, but otherwise denies the remaining allegations therein.

62. In response to Paragraph 62, Mr. Constantin admits he participated in a phone call with Mr. Long, Mr. Smith, and Mr. Butera, but otherwise denies the remaining allegations therein.

63. In response to Paragraph 63, Mr. Constantin admits he participated in a Zoom call, but otherwise denies the remaining allegations therein.

64. In response to Paragraph 64, Mr. Constantin admits he participated in a Zoom call, but otherwise denies the remaining allegations therein.

65. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 65 and therefore denies the same.

66. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 66 and therefore denies the same. Mr. Constantin further asserts that the Notice of Default speaks for itself and denies any allegations inconsistent therewith.

67. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 67 and therefore denies the same.

68. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 68 and therefore denies the same. Mr. Constantin further asserts that the Notice of Default speaks for itself and denies any allegations inconsistent therewith.

69. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 69 and therefore denies the same.

70. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 70 and therefore denies the same.

71. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 71 and therefore denies the same.

72. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 72 and therefore denies the same.

73. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 73 and therefore denies the same.

74. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 74 and therefore denies the same. Mr. Constantin further asserts that the referenced 8-K speaks for itself and denies any allegations inconsistent therewith.

75. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 75 and therefore denies the same. Mr. Constantin further asserts that the referenced filing speaks for itself and denies any allegations inconsistent therewith.

76. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 76 and therefore denies the same.

77. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 77 and therefore denies the same. Mr. Constantin further asserts that the referenced 8-K speaks for itself and denies any allegations inconsistent therewith.

78. Deny.

79. Deny.

80. Admit.

81. In response to Paragraph 81, Mr. Constantin admits Charles Balaban was a member of HSMG's board of directors and/or a major shareholder, but otherwise denies the remaining allegations therein.

82. Admit.

## COUNT I – BREACH OF CONTRACT
### (against HSMG)

83. Mr. Constantin incorporates his responses to each of the preceding paragraphs as if each were fully set forth herein.

84. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 84 and therefore denies the same.

85. Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

86. Paragraph 86 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

87. Paragraph 87 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

## COUNT II – IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (against HSMG)

88. Mr. Constantin incorporates his responses to each of the preceding paragraphs as if each were fully set forth herein.

89. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 89 and therefore denies the same.

90. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 90 and therefore denies the same. Mr. Constantin further asserts that the referenced agreement speaks for itself and denies any allegations inconsistent therewith.

91. Paragraph 91 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

92. Paragraph 92 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

## COUNT III – CONVERSION
### (against HSMG)

93. Mr. Constantin incorporates his responses to each of the preceding paragraphs as if each were fully set forth herein.

94. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 94 and therefore denies the same.

95. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 95 and therefore denies the same. Mr. Constantin further asserts that the contracts speak for themselves and denies any allegations inconsistent therewith.

96. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 96 and therefore denies the same.

97. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 97 and therefore denies the same.

98. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 98 and therefore denies the same.

99. Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

100. Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

## COUNT IV – UNJUST ENRICHMENT
### (against HSMG)

101. Mr. Constantin incorporates his responses to each of the preceding paragraphs as if each were fully set forth herein.

102. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 102 and therefore denies the same.

103. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 103 and therefore denies the same.

104. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 104 and therefore denies the same.

105. Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

## COUNT V – VOIDABLE TRANSFER
### (against all Defendants)

106. Mr. Constantin incorporates his responses to each of the preceding paragraphs as if each were fully set forth herein.

107. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 107 and therefore denies the same.

108. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 108 and therefore denies the same. Mr. Constantin further asserts that the referenced 10-K speaks for itself and denies any allegations inconsistent therewith.

109. Paragraph 109 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

110. Paragraph 110 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

111. Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

112. Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

113. In response to Paragraph 113, Mr. Constantin denies HSH transferred him $9,450,479 and affirmatively asserts that no such transfer ever occurred. Mr. Constantin is without information sufficient to respond to the remaining allegations of Paragraph 113 and therefore denies the same.

114. Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin affirmatively asserts that he never received any such transfer. Mr. Constantin is without information sufficient to respond to the remaining allegations of Paragraph 114 and therefore denies the same.

115. Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin affirmatively asserts that he never received any

such transfer. Mr. Constantin is without information sufficient to respond to the remaining allegations of Paragraph 115 and therefore denies the same.

116. Paragraph 116 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin affirmatively asserts that he never received any such transfer. Mr. Constantin is without information sufficient to respond to the remaining allegations of Paragraph 116 and therefore denies the same.

117. Paragraph 117 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin affirmatively asserts that he never received any such transfer. Mr. Constantin is without information sufficient to respond to the remaining allegations of Paragraph 117 and therefore denies the same.

118. Paragraph 118 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin affirmatively asserts that he never received any such transfer. Mr. Constantin is without information sufficient to respond to the remaining allegations of Paragraph 118 and therefore denies the same.

119. Paragraph 119 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin affirmatively asserts that he never received any such transfer. Mr. Constantin is without information sufficient to respond to the remaining allegations of Paragraph 119 and therefore denies the same.

120. Paragraph 120 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

## COUNT VI – ALTER EGO
### (against Smith, Landes Capital, and Compagnie)

121. Mr. Constantin incorporates his responses to each of the preceding paragraphs as if each were fully set forth herein.

122. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 122 and therefore denies the same.

123. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 123 and therefore denies the same.

124. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 124 and therefore denies the same.

125. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 125 and therefore denies the same. Mr. Constantin further asserts that the referenced 10-K speaks for itself and denies any allegations inconsistent therewith.

126. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 126 and therefore denies the same. Mr. Constantin further asserts that the referenced report speaks for itself and denies any allegations inconsistent therewith.

127. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 127 and therefore denies the same. Mr. Constantin further asserts that the referenced agreement speaks for itself and denies any allegations inconsistent therewith.

128. Mr. Constantin is without information sufficient to respond to the allegations of Paragraph 128 and therefore denies the same.

129. Paragraph 129 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

130. Paragraph 130 contains legal conclusions to which no response is required. To the extent a response is required, Mr. Constantin lacks information sufficient to form a belief about the truth of the allegations and therefore denies the same.

## REQUEST FOR RELIEF

Mr. Constantin denies each and every allegation in the Plaintiff's Request for Relief.

## THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because Mr. Constantin never received a transfer of funds from HSH, and thus, a transfer cannot be voidable if it never occurred.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and/or unclean hands, estoppel, consent, acquiescence, ratification, release, and assumption of the risk.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because Mr. Constantin acted in good faith at all material times.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because their damages, if any, were caused by the fault, acts or omissions of itself or other individuals or entities.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, because of its failure to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred, in whole or in part, as they are against public policy.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's claims that rely on any alleged agreements are barred, in whole or in part, by Plaintiff's prior material breaches and/or repudiation of the alleged agreements.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff waived the right, if it ever had any, to pursue the claims asserted in the Complaint by reason of Plaintiff's own actions and course of conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Mr. Constantin presently has insufficient knowledge or information regarding whether he may have additional, yet unasserted defenses, and reserves the right to assert further defenses as may become necessary as this case develops.

WHEREFORE, having fully answered Plaintiff's Complaint, Mr. Constantin prays for judgment as follows:

1. That the Complaint be dismissed with prejudice and on the merits;
2. That Plaintiff takes nothing by its Complaint;
3. That judgment be entered in favor of Mr. Constantin against Plaintiff;
4. For attorney's fees and costs as allowed by law; and
5. For such other relief as the Court deems reasonable and just.

DATED this 17th day of July, 2023.

**CLYDE SNOW & SESSIONS**

*/s/ Keith M. Woodwell*
Keith M. Woodwell
Thomas A. Brady
Nickolas C. Sessions
*Attorneys for Defendants*