FILED
2024 MAY 22
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC,<br><br>Plaintiff,<br>v.<br><br>HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT, LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; JUSTIN SMITH; STUART MCMAHEN; and BLACK LABEL SERVICES, INC.,<br><br>Defendants. | Case No. 2:23-CV-00157-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br>Magistrate Judge Daphne A. Oberg |

## **DEFENDANT'S NOTICE OF OPPOSITION TO PLAINTIFF'S STATUS REPORT RE STATUS OF THIS CASE IN LIGHT OF HSMG'S BANKRUPTCY CASE**

### I.   INTRODUCTION

I, Defendant Justin Smith (known hereinafter as "Smith"), respectfully submit this response to Millrock Investment Fund 1, LLC's ("Millrock") Status Report and Request for Additional Stay (Dkt 99). Millrock seeks a further extension of the stay and related deadlines, citing ongoing communication with the Chapter 7 Trustee in HSMG's bankruptcy case. I strongly oppose this request for the following reasons:

### II.   GROUND FOR OPPOSITION

A. Unjustified and Excessive Delay

1. Millrock has already secured a significant stay of proceedings. Granting another two-

   month delay is excessive and prejudices Smith's right to a speedy resolution. Defendant Smith has made every effort to vigorously defend himself against these baseless claims, and further delays only cause Smith additional stress and reputational damage.

   2. Millrock fails to demonstrate substantial progress from the previous stay. An additional two months are unlikely to yield definitive answers from the bankruptcy case.

   3. The requested extension further postpones Smith's ability to defend himself, potentially impacting access to evidence and witnesses.

B. Lack of Concrete Developments

   1. Millrock's report relies primarily on the Chapter 7 Trustee's hope of completing an assessment by July. This is speculative and lacks a guarantee of outcome and fails to highlight a clear impact on this case.

C. Defendant Justin Smith is not a party to HSMG Bankruptcy

   1. Millrock has continually failed to demonstrate any legal basis for including Smith personally in this matter.  Furthermore, Defendant Smith is in no manner responsible for HSMG's debts, nor is he involved in the bankruptcy case. There is no evidence presented that Smith is personally liable for the debts of HSMG. The burden of proof lies with the party seeking to extend the automatic stay to a non-debtor as illustrated by *Xebec Corporation*, 825 F.2d 187 (9th Cir. 1987) in which the case highlights that the party seeking to extend the stay to a non-debtor (like Millrock in this scenario) must demonstrate a compelling justification and a clear connection to the debtor's financial rehabilitation, Millrock has not met this bar.

   2. The bankruptcy is a separate proceeding from the matter before this Court. The bankruptcy proceedings solely involve HSMG, the debtor company. Smith, as an

individual and former employee, is not a party to the bankruptcy and his financial affairs are not subject to the automatic stay. As stipulated in 11 U.S.C. § 362(a) the Automatic Stay Provision applies to actions against the "debtor." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986) established a limited exception where the automatic stay could apply to non-debtors under certain circumstances. However, the exception generally applies only when actions against a non-debtor would have an immediate and adverse economic effect on the debtor's estate. As a former employee Defendant Smith has no access to debtor's estate. Again, Millrock fails to meet the bar that would justify any additional stay.

D. Communication with Trustee Does Not Justify Delay

1. The fact that Smith communicated with the Chapter 7 Trustee does not necessitate a stay in this case. This communication pertains to HSMG's financial situation, not Smith's individual defense. In re *First Cent. Fin. Corp.*, 238 B.R. 9 (Bankruptcy. E.D.N.Y. 1999), communication with the bankruptcy trustee does not justify a stay in separate litigation, especially if the trustee's actions pertain to the debtor's financial situation and not directly to the litigation at hand.

2. Millrock fails to demonstrate how the ongoing communication in the bankruptcy case impacts Plaintiff's ability to respond to Smith's earlier motions (Dkt 74 and 75).

3. The ongoing communication with Smith, while acknowledged, does not necessarily justify delaying the entire case. Smith can address any relevant inquiries from the trustee without impacting the case timeline as it pertains to Defendant Smith's previous motions (Dkt 74 and 75), and Millrock's ability to respond to those motions.

### III.     ARGUMENTS

While the Court possesses discretion to grant stays, it must balance this discretion with the rights and interests of all parties involved. As illustrated by *Cummings, 221 B.R. 814* (Bankruptcy N.D. Ala. 1998), the court must consider whether a stay would significantly affect the non-debtor's rights and whether the proceedings can move forward independently of the debtor's bankruptcy case. Granting a further stay based solely on the plaintiff's assertions would unduly prejudice Defendant Smith without clear justification. Further delays significantly prejudice Smith's ability to mount a complete defense.

Millrock requests for an additional stay is not warranted as the bankruptcy case has limited relevance in the matter, as it pertains to Defendant Smith. The bankruptcy case primarily concerns HSMG's finances, with potential ramifications for Millrock's claims. The impact on Smith's individual defense may be minimal. The bankruptcy of HSMG primarily concerns the company's debts, not the personal finances of individual employees like Smith. Furthermore, Millrock has not provided any evidence suggesting Smith incurs any personal liability related to the claims against HSMG, instead Millrock has, time and time again, deflected from directly addressing this matter and is again doing so by requesting and additional delay.

Millrock has previously filed a Notice of Non-Opposition to Motion to Set Aside Default Judgement Against Defendant Justin Smith (Dkt 70). The facts of this case have not changed and no evidence has been provided that would cause Millrock to change its position on this matter.

Defendant Smith is open to exploring alternative solutions to address Millrock's concerns, such as focused discovery or status conferences, while minimizing delays to his defense.

## IV.   CONCLUSION

For the foregoing reasons, granting a further stay based on the ongoing bankruptcy of HSMG unfairly prejudices Smith. He is not a party to the bankruptcy, and his communication with the Trustee does not justify delaying this separate lawsuit.

Millrock has not presented any evidence of Smith's personal liability or how the bankruptcy proceedings impact his ability to defend himself.

Therefore, I urge the Court to deny Millrock's request for an additional stay and allow this case to proceed without further delay.

DATED May 22, 2024.

/s/Justin Smith
Justin Smith, Defendant
Self-Represented
1779 Cumberland Road
Cleveland Heights, OH 44118
Telephone: (240) 242-7709
Email: justin.landes@gmail.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of May, 2024, a copy of the foregoing was sent via regular mail and sent electronically to:

1. Rodger M. Burger, at rburge@parrbrown.com
   Bentley J. Tolk at btolk@parrbrown.com
   Terry E. Welch at twelch@parrbrown.com
   101 South 200 East Suite 700, Salt Lake City, UT 84111;

2. Keith M. Woodwell
   Thomas A. Brady
   Nickolas C. Sessions
   CLYDE SNOW & SESSIONS
   201 South Main Street, #2200
   Salt Lake City, Utah 84111
   kmw@clydesnow.com
   TAB@clydesnow.com
   NSessions@clydesnow.com

3. Healthcare Solutions Holdings, Inc.
   c/o Harvard Business Services, Inc.
   16192 Coastal Hwy
   Lewes, DE 19958
   jon@hshmedical.com

4. Landes Capital Management, LLC
   c/o Registered Agent
   30 N. Gould St., Suite R
   Sheridan, WY 82801

5. Healthcare Solutions Management Group, Inc.
   26 Reynolds Street
   Springhill, LA 71075
   lcajosh1@gmail.com

6. Landes And Compagnie Trust Prive
   KB c/o Registered Agent
   30 N. Gould Street, Suite
   R Sheridan, WY 82801
   landestrust@gmail.com

7. Black Label Services, Inc.
   c/o Registered Agent
   30 N. Gould Street, Suite R
   Sheridan, WY 82801

                                                                /s/ Justin Smith

                                                                Justin Smith, Defendant