Terry E. Welch (5819)
Bentley J. Tolk (6665)
Rodger M. Burge (8582)
**PARR BROWN GEE & LOVELESS**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
twelch@parrbrown.com
btolk@parrbrown.com
rburge@parrbrown.com

Attorneys for Plaintiff Millrock Investment Fund 1, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT, LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; JUSTIN SMITH; STUART MCMAHEN; and BLACK LABEL SERVICES, INC., <br><br> Defendants. | **REPLY IN SUPPORT OF MOTION TO EXTEND THE STAY CONTAINED IN THE STATUS REPORT RE STATUS OF THIS CASE IN LIGHT OF HSMG'S BANKRUPTCY CASE** <br><br> Case No. 2:23-CV-00157-RJS-DAO <br><br> Chief District Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Millrock Investment Fund 1, LLC ("Millrock") respectfully submits this Reply in support of the motion to extend the stay contained in its Status Report re Status of this Case in Light of HSMG's Bankruptcy Case (Doc. No. 99).

## FACTS

1. On February 23, 2024, Millrock filed a Motion to Temporarily Stay this Case in Order to Determine (1) the Scope and Effect on this Case of the Automatic Stay from HSMG's Bankruptcy Case; and (2) Whether the Claims in this Case Belong to HSMG's Bankruptcy Estate and/or Will Be Pursued by the Chapter 7 Trustee in HSMG's Bankruptcy Case (Doc. No. 85) (the "Motion to Stay"). Pursuant to the Motion to Stay, Millrock asked the Court to stay proceedings in this case for a period of two months.

2. Defendants Joshua Constantin and Stuart McMahen (collectively, "Constantin") did not file an opposition to the Motion to Stay.

3. On February 26, 2024, Defendant Justin Smith ("Smith") filed an opposition to the Motion to Stay (Doc. No. 88).

4. On March 11, 2024, Millrock filed a reply (Doc. No. 92) in support of the Motion to Stay in which Millrock argued, among other things, that (1) the automatic stay from HSMG's bankruptcy case may apply to Millrock's claims against Smith and the other non-HSMG defendants in this case; and (2) since the Chapter 7 Trustee (the "Trustee") in HSMG's bankruptcy case was in the process of determining whether to pursue Millrock's claims in the context of HSMG's bankruptcy case, the requested stay was necessary and appropriate.

5. On March 15, 2024, the Court entered an Order Granting Motion to Stay and Motion for Extension of Time (Doc. No. 97) (the "Stay Order"). In the Stay Order, the Court, *inter alia*, (1) noted that Smith was "the only defendant who filed an objection to" the Motion to Stay; (2) noted that Millrock had "explained the bankruptcy case may affect whether it even has the authority to bring its claims in this case"; (3) noted that Smith had "fail[ed] to explain how a short,

temporary stay would realistically cause any undue prejudice"; (4) noted that "a two-month stay of this case may help clarify the status of the claims in this case in light of . . . HSMG's bankruptcy case, and a short stay would not unduly prejudice the parties"; (5) ordered that "[a]ll case deadlines are stayed until May 15, 2024"; and (6) ordered that the parties "file a status report regarding the status of this case in light of HSMG's bankruptcy proceedings on or before May 15, 2024."

6. On May 15, 2024, Millrock filed a Status Report re Status of this Case in Light of HSMG's Bankruptcy Case (Doc. No. 99) (the "Status Report") in which, *inter alia*, (1) Millrock noted that the Trustee "hopes to complete by approximately the end of July 2024 his initial assessment of the HSMG bankruptcy issues affecting this case"; (2) requested an extension of the stay on all case deadlines in the Stay Order through July 31, 2024 (the "Motion to Extend the Stay"); and (3) requested an extension on certain case deadlines.

7. On May 17, 2024, the Court issued a Docket Text Order (Doc. No. 102) stating that the Court construes the requested relief in the Status Report as a motion, and stating that any response or opposition to that motion was due by May 23, 2024.

8. On May 22, 2024, Smith filed an opposition (the "Smith Opposition") (Doc. No. 103) to the Motion to Extend the Stay.

9. On May 22, 2024, Constantin filed an opposition (the "Constantin Opposition") (Doc. No. 104) to the Motion to Extend the Stay.

10. On May 28, 2024, the Court issued a Docket Text Order (Doc. No. 105) stating that Millrock may file a reply by May 31, 2024 in support of the Motion to Extend the Stay.

## ARGUMENT

I. **THE MOTION TO EXTEND THE STAY SHOULD BE GRANTED BECAUSE THE TRUSTEE ANTICIPATES COMPLETING HIS INITIAL ASSESSMENT OF HSMG'S BANKRUPTCY CASE BY JULY 31, 2024, AND BECAUSE THE SAME BASES FOR GRANTING THE INITIAL STAY APPLY TO THE REQUEST TO EXTEND THE STAY.**

The Court previously determined that a stay was necessary to "help clarify the status of the claims in this case in light of HSMG's bankruptcy case, and a short stay would not unduly prejudice the parties[.]" *See* Stay Order. Nothing has happened since the Stay Order that would alter the Court's determination that a short stay will help clarify the status of the claims in light of HSMG's bankruptcy case, and that a short stay would not unduly prejudice the parties. The Trustee expects to complete by the end of July 2024 his initial assessment of the HSMG bankruptcy issues affecting this case. It makes sense to allow an additional two and a half months for the Trustee to complete that assessment, and to lift the temporary stay after July 31, 2024 <u>unless</u> the Trustee communicates to the Court that the automatic stay applies to the remaining claims in this case or that he will be pursuing Millrock's claims from this case in the context of HSMG's bankruptcy case. Thus, the bases supporting the Motion to Extend the Stay remain the same as the bases that supported the Stay Order.

The initial stay in the Stay Order was for two months, and the extension that Millrock requests is reasonable because it asks for only the amount of time needed for the Trustee to complete his investigation and analysis, which is an additional two and a half months. An additional two and a half months would not unduly prejudice the parties, and the corresponding extension of case deadlines referenced in the Motion to Extend the Stay is also reasonable for the same reasons supporting the extension of the stay.

## II. SMITH AND CONSTANTIN FAIL TO SHOW HOW THEY WOULD BE UNDULY PREJUDICED BY EXTENDING THE STAY FOR AN ADDITIONAL TWO AND A HALF MONTHS.

Nothing in the Smith Opposition or the Constantin Opposition changes the Court's determination in the Stay Order that a short stay would not unduly prejudice the parties. In addition, the requested extension of the stay by two and a half months still qualifies as a "short stay" – particularly in light of the bankruptcy considerations at issue.

### a. The Constantin Opposition Raises Irrelevant Arguments that Have Already Been Waived.

The arguments in the Constantin Opposition are irrelevant because they fail to address whether an *extension* of the stay would prejudice Constantin. Instead, Constantin argues that the Court erred in entering the Stay Order, because of "Millrock's [supposed] utter failure to establish how its fraudulent transfer claims against Constantin and McMahen in the present case are in any way related to the bankruptcy case[.]" Doc. No. 104 at 2. But this Court already ruled or implied – in the Stay Order – that HSMG's bankruptcy case is related to the claims in this case.

Constantin implies and argues that the Court's decision to stay this case is "illogical" because HSMG's bankruptcy case is purportedly "an unrelated proceeding[.]" *See* Doc. No. 104 at 3. But it is too late for Constantin to make that argument. Constantin had an opportunity to raise that argument when Millrock filed the Motion to Stay, but Constantin failed to do so and did not oppose the initial stay. *See* Stay Order at 2 (explaining that "Defendant Justin Smith is the only defendant who filed an objection to Millrock's motions"). As a result, Constantin waived any argument that should have been made in response to the Motion to Stay. *See, e.g., ClearOne Commc'ns, Inc. v. Chiang*, No. 2:07-CV-37-TC, 2010 WL 1257750, at *7 (D. Utah Mar. 25, 2010)

5

(holding that a party waived the right to object to a court order by failing to respond to the motion that precipitated the order); *see also Burke v. Regalado*, 935 F.3d 960, 1014 (10th Cir. 2019) (holding that parties waive issues that are not raised in briefs). Thus, the majority of the Constantin Opposition must be disregarded. Even if Constantin had not waived those arguments, however, they fail on their merits for the reasons set forth in Millrock's prior briefing and in this Reply. *See, generally,* Doc. Nos. 86, 92, 93, and 99. Constantin also fails to cite any legal authority to support his waived arguments.

Constantin argues that "[f]urther delaying the present case … [will] undoubtedly prejudice [him.]" Doc. No. 104 at 3. But the only example he gives of prejudice is that an extension of the stay will "prolong the resolution of" the case. *Id*. Any stay, however, will generally prolong a case because such is the nature of a stay. Constantin fails to provide any concrete examples of how a two and a half-month extension of the stay would cause him undue prejudice in this case.

Finally, Constantin asks for fees and costs incurred in responding to Millrock's request for an extension of the stay, arguing that the request is a "baseless motion." ECF No. 104 at 2. Constantin's request for fees should be denied because (1) the Constantin Opposition raises irrelevant arguments that have already been waived; (2) Constantin failed to oppose the initial stay at issue in the Stay Order; (3) the Court already granted the Motion to Stay; (4) Millrock simply seeks an extension of that stay in the Motion to Extend the Stay; and (5) the Constantin Opposition fails to cite any statutory, contractual, case law, or other authority to support the request. The Motion to Extend the Stay is not "baseless." Constantin failed to oppose the Motion to Stay, and he cannot now argue that a stay of this case is somehow baseless.

### b. The Smith Opposition Recycles Arguments that this Court Has Already Rejected, and the New Arguments in the Opposition are unpersuasive.

The Smith Opposition raises the same arguments that Smith made in his opposition to the Motion to Stay. *See, generally,* ECF No. 88. The Court rejected those arguments when it issued the Stay Order. The only new material in the Smith Opposition consists of four cases that Smith cites, but those cases do not support Smith's arguments.

The first case, "*Xebec Corporation*, 825 F.2d 187 (9th Cir. 1987)," *see* Doc. No. 103 at 2, appears to be cited in error because, after performing a thorough search, counsel for Millrock could not find the cited case. Instead, the citation led counsel to *Sun Sav. and Loan Ass'n v. Dierdorff*, which is a case dealing with RICO liability. *See, generally,* 825 F.2d 187 (9th Cir. 1987).

Smith's second cited case, *A.H. Robins Comp., Inc., v. Piccinin*, 788 F.2d 994 (4th Cir. 1986), actually helps Millrock because it holds that the automatic stay under 11 U.S.C. § 362(a)(1) applies to a "third-party defendant" who is not the debtor when "there is such an identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Id*. at *999. Thus, the automatic stay against a debtor may also apply against a non-debtor when their "interests are so intimately intertwined[.]" *Id*. at *1001.

In this case, HSMG and Smith's interests are intimately intertwined regarding the fraudulent transfer claims because Millrock alleges that HSMG fraudulently transferred $93,933,345 to entities controlled by Smith. This case may, therefore, be stayed against Smith even though he is not the debtor because he may be in possession of HSMG's property. *See id.* at *1002 (explaining that courts may stay actions involving a debtor *or* its property and may "enjoin parties other than the bankrupt from commencing or continuing litigation" as "necessary or

appropriate to carry out the provisions of [title 11 U.S.C.]" (cleaned up)).

In other words, Millrock alleges that Smith controls $93,933,345, and that those funds are the property of HSMG's estate. The Trustee, therefore, may have an interest in, and a right to pursue, the fraudulent transfer claim because it is an "act to obtain possession of property of [HSMG's] estate[.]" 11 U.S.C. § 362(a)(3) (2023).

Even if the automatic stay did not apply to the fraudulent transfer claim against Smith, it is still within the Court's discretion to stay this case to await further certainty regarding the effect of HSMG's bankruptcy case on the claims in this case. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Indeed, the Court did not explicitly state in the Stay Order that it was staying this case because the automatic stay applied to Smith. Rather, the Court stayed this case to "help clarify the status of the claims in this case[.]" Stay Order at 2.

The third case Smith cites, *In re First Central Fin. Corp.*, 238 B.R. 9 (Bankr. E.D.N.Y. 1999), holds that proceeds payable under a debtor's insurance policy are not property of the estate. *Id*. at *13. The monies at issue in this case are not proceeds payable under an insurance policy. Thus, *In re First Central Fin. Corp*. does not help Smith.

The final case, *In re Cummings*, 221 B.R. 814 (Bankr. N.D. Ala.1998), also helps Millrock, rather than Smith. In *Cummings*, the court held that an existing stay should not be lifted and that a separate proceeding in state court could not proceed, because the liability of one party in the state court proceeding "must be considered and determined in conjunction with" potential liability in the bankruptcy case. *Id*. at *816. Similarly, Smith's potential liability in this case must be considered in conjunction with HSMG's bankruptcy case because the Trustee may wish to pursue the same or parallel fraudulent transfer claims to recover property that may belong to HSMG's

bankruptcy estate.

Thus, the cases cited by Smith either do not exist or do not support his arguments.

Next, Smith argues that an "additional two months are unlikely to yield definitive answers from the bankruptcy case." Doc. No. 103 at 2. That argument, however, is speculative and lacks any support. As stated above, the Trustee hopes or expects to complete by the end of July 2024 his initial assessment of the HSMG bankruptcy issues affecting this case. Millrock does not intend to request a second extension of the stay past July 31, 2024.

Finally, Smith cursorily argues that an extension of the stay will prejudice him, but he does not explain how or why an additional two and a half months would cause undue prejudice when this Court has already determined that the first two-month stay would not cause undue prejudice. Smith claims that an extension of the stay will cause him stress, reputational damage, and "potentially" impact access to evidence and witnesses. Doc. No. 103 at 2. However, he does not elaborate on any of those "potential" sources of prejudice. For example, he does not specify what reputational damage he will experience from a an additional two and a half-month stay, nor does he identity any witnesses who are available now but who would not be available two and a half months from now. Smith has failed to show that he will suffer undue prejudice from an extension of the stay for two and a half months.

**III.  IF THE COURT WERE TO DECIDE NOT TO EXTEND THE STAY IN THIS CASE, OR IF THE STAY WERE TO EXPIRE ON JULY 31, 2024 WITHOUT A DECISION BY THE TRUSTEE REGARDING THE CLAIMS IN THIS CASE, NEW CASE DEADLINES WOULD NEED TO BE SET.**

For the reasons outlined above, Millrock believes that the requested extension of the stay in this case is both merited and reasonable. For those same reasons, the request in the Status Report for an extension on certain case deadlines is also merited and reasonable. If the Court were to opt

9

not to extend the stay in this case, or if the stay were to expire on July 31, 2024 due to the Trustee's decision that the automatic stay does not apply to this case or that the Trustee will not to pursue Millrock's claims in this case in the context of HSMG's bankruptcy case, Millrock's intention would be to file a motion with the court for an amended scheduling order setting new deadlines in connection with outstanding motions in this case; setting a new fact discovery cutoff; setting new expert deadlines; setting a new dispositive motion cutoff; and setting other modified case deadlines.

## CONCLUSION

For the foregoing reasons, and for those set forth in the Status Report and the Motion to Extend the Stay, Millrock respectfully requests that the Court grant the Motion to Extend the Stay.

DATED May 31, 2024.

                                            PARR BROWN GEE & LOVELESS

                                            By: /s/ Bentley J. Tok
                                                  Terry E. Welch
                                                  Bentley J. Tolk
                                                  Rodger M. Burge

                                            Attorneys for Plaintiff Millrock Investment Fund 1, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2024, I caused to be served a true and correct copy of the foregoing **REPLY IN SUPPORT OF MOTION TO EXTEND THE STAY CONTAINED IN THE STATUS REPORT RE STATUS OF THIS CASE IN LIGHT OF HSMG'S BANKRUPTCY CASE** via the CM/ECF, which automatically provided notice to all counsel of record. On the same date, I also served a copy of the foregoing on Defendant Justin Smith via email:

Justin Smith
1779 CUMBERLAND RD
CLEVELAND HEIGHTS, OH 44118
(240) 242-7709
Email: justin.landes@gmail.com

/s/ Bentley J. Tolk