UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT, LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; JUSTIN SMITH; STUART MCMAHEN; and BLACK LABEL SERVICES, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO EXTEND STAY AND OTHER DEADLINES (DOC. NO. 99)**<br><br><br>Case No. 2:23-cv-000157<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

On March 15, 2024, the court granted Plaintiff Millrock Investment Fund 1, LLC's motion to stay all deadlines in this case until May 15, 2024, in light of Defendant Healthcare Solutions Management Group, Inc.'s ("HSMG") bankruptcy proceedings.[1] The court also extended the deadlines for Millrock to respond to Defendant Justin Smith's motion to set aside default and motion to dismiss until June 5, 2024.[2]

On May 15, 2024, Millrock filed a status report seeking to (1) extend the stay to July 31, 2024, (2) extend the deadlines to respond to Mr. Smith's motions to August 22, 2024, and (3) extend the deadline to file motions to amend pleadings or add parties to

---

[1] (Order Granting Mot. to Stay and Mot. for Extension of Time, Doc. No. 97.)

[2] (*Id.* at 3.)

August 22, 2024.[3]  The court construed the status report as a motion and set a response deadline.[4]  Defendants Joshua Constantin, Stuart McMahen, and Justin Smith filed oppositions, arguing HSMG's bankruptcy case does not justify staying this case as to the other defendants.[5]  Millrock filed a reply in support of its request to extend the stay and other deadlines.[6]  As explained below, because a stay will promote judicial economy, avoid confusion and inconsistent results, and will not unduly prejudice the defendants, Millrock's motion is granted.

### LEGAL STANDARDS

When a debtor files for Chapter 11 bankruptcy, the automatic stay under 11 U.S.C. § 362 prevents "the continuation . . . of a judicial . . . proceeding against the debtor."[7]  "As a general rule, 'the stay provision does not extend to solvent codefendants of the debtor.'"[8]  However, a "narrow exception allows a stay to be imposed under section 362(a)(1) against a nonbankrupt party in 'unusual situations' as

---

[3] (Status Report Re Status of this Case in Light of HSMG's Bankr. Case ("Mot. to Extend Stay"), Doc. No. 99.)

[4] (*See* Docket Text Order, Doc. No. 102.)

[5] (*See* Defs. Joshua Constantin and Stuart McMahen's Mem. in Opp'n to Status Report Re Status of This Case in Light of HSMG's Bankr. Case ("Constantin and Stuart Opp'n"), Doc. No. 104; Def.'s Notice of Opp'n to Pl.'s Status Report Re Status of This Case in Light of HSMG's Bankr. Case ("Smith Opp'n"), Doc. No. 103.)

[6] (Reply in Supp. of Mot. to Extend the Stay Contained in the Status Report Re Status of This Case in Light of HSMG's Bankr. Case ("Reply"), Doc. No. 106.)

[7] 11 U.S.C. § 362(a)(1).

[8] *Hart v. Connected Wireless, Inc.*, No. 2:17-cv-00186, 2019 U.S. Dist. LEXIS 28803, at *2 (D. Utah Feb. 22, 2019) (unpublished) (quoting *Okla. Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994)).

'when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'"[9]

Apart from the application of the automatic stay, courts have "the power to stay proceedings [] incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[10]  To determine whether to enter a stay, courts consider: "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship."[11]

## BACKGROUND

Millrock brought this case in March 2023 asserting various causes of action stemming from leases for ambulatory surgical centers in Utah and Texas.[12]  Millrock asserts breach of contract, conversion, and related claims against HSMG,[13] and voidable transfer claims against the other defendants.[14]  Millrock claims HSMG's assets

---

[9] *Blodgett*, 24 F.3d at 141 (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).

[10] *Hart*, 2019 U.S. Dist. LEXIS 28803, at *3 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

[11] *Id.* at *3–4 (citation omitted).

[12] (*See* Compl., Doc. No. 1; Second Am. Compl., Doc. No. 28.)

[13] (*See* Second Am. Compl. ¶¶ 83–105, Doc. No. 28.)

[14] (*See id.* ¶¶ 106–120.)  Millrock also brings an "alter ego" claim against Mr. Smith and two entities to which HSMG allegedly transferred assets, claiming those entities are alter egos of Mr. Smith.  (*See id.* ¶¶ 121–130.)

were transferred to the other defendants, as insiders, while HSMG was insolvent—with intent to hinder, delay, or defraud Millrock.[15]  Millrock alleges, at the time of the transfers, Mr. Smith was HSMG's outgoing CEO, Mr. McMahen was its general counsel, and Mr. Constantin was its comptroller and/or head of commercial real estate.[16]  Mr. Constantin and Mr. McMahen filed answers,[17] and all other defendants defaulted.[18]  Mr. Smith then appeared without an attorney and filed a motion to set aside the default and a motion to dismiss.[19]

In February 2024, on the deadline to respond to Mr. Smith's motions, Millrock provided notice of HSMG's bankruptcy filing and moved to stay the case.[20]  Millrock stated the trustee in the bankruptcy case was "evaluating the scope of the automatic stay in this case from the Bankruptcy Case and whether the claims asserted by Millrock against defendants [Justin] Smith, Joshua Constantin, and Stuart McMahen belong to HSMG's bankruptcy estate and/or will be pursued by the Trustee in that case."[21]  Millrock requested a two-month stay to allow the trustee to complete this evaluation.[22]

---

[15] (*See id.* ¶¶ 106–120.)

[16] (*Id.* ¶ 114.)

[17] (*See* Joshua Constantin's Answer to Second Am. Compl., Doc. No. 47; Stuart McMahen's Answer to Second Am. Compl., Doc. No. 48.)

[18] (Clerk's Entry of Default, Doc. No. 66.)

[19] (*See* Mot. to Set Aside Default J. Against Def. Justin Smith, Doc. No. 74; Mot. to Dismiss Def. Justin Smith, Doc. No. 75.)

[20] (*See* Mot. to Temporarily Stay This Case, Doc. No. 85.)

[21] (*Id.* at 2.)

[22] (*See id.*)

Mr. Smith filed an opposition, arguing the bankruptcy proceeding had limited relevance to this case and a stay would cause prejudice to him.[23]  No other party responded to the motion to stay.  On March 15, while this initial motion to stay was pending, Mr. Constantin and Mr. McMahen filed a motion for summary judgment.[24]  Later the same day, the court granted Millrock's motion and stayed the case until May 15, 2024.[25]  The court found the stay could "help clarify the status of the claims in this case," and noted Mr. Smith—the only party who opposed the stay—"fail[ed] to explain how a short, temporary stay would realistically cause any undue prejudice."[26]

On May 15, Millrock filed its status report requesting (1) an extension of the stay until July 31, and (2) extensions of the deadlines to respond to Mr. Smith's motions and to move to amend pleadings or add parties until August 22.[27]  Millrock states the trustee is still in the process of obtaining documents and information and "hopes to complete by approximately the end of July 2024 his initial assessment of the HSMG bankruptcy issues affecting this case."[28]  Millrock also asserts that the trustee has been

---

[23] (*See* Def.'s Notice of Opp'n to Pl.'s Mot. to Temporarily Stay This Case, Doc. No. 88.)

[24] (*See* Defs. Joshua Constantin and Stuart McMahen's Mot. for Summ. J., Doc. No. 95.)

[25] (*See* Order Granting Mot. to Stay and Mot. for Extension of Time, Doc. No. 97.)

[26] (*Id.* at 2.)

[27] (*See* Mot. to Extend Stay, Doc. No. 99.)

[28] (*Id.* at 2.)

communicating with Mr. Constantin and Mr. Smith "regarding relevant factual issues relating to HSMG's bankruptcy case."[29]

In their opposition to the motion to extend the stay, Mr. Constantin and Mr. McMahen argue there is "no nexus" between the bankruptcy proceeding and this case.[30] They assert the bankruptcy issues have no bearing on Millrock's fraudulent transfer claims against them, and there is no need for the bankruptcy trustee to weigh in.[31] They also argue an extension of the stay would prejudice them because it would delay a ruling on their motion for summary judgment.[32] Similarly, Mr. Smith argues the bankruptcy case has "limited relevance" to this case, and he asserts Millrock has failed to demonstrate substantial progress from the previous stay.[33] He also argues further delay would cause him additional stress and reputational damage.[34]

In its reply, Millrock argues Mr. Constantin and Mr. McMahen have waived their arguments because they did not oppose the prior motion to stay.[35] With respect to Mr. Smith, Millrock argues (1) the automatic bankruptcy stay may apply to claims against

---

[29] (*Id.*)

[30] (Constantin and McMahen Opp'n 2, Doc. No. 104.)

[31] (*Id.*)

[32] (*See id.* at 3.)

[33] (Smith Opp'n 2–4, Doc. No. 103.)

[34] (*Id.* at 2.)

[35] (Reply 5–6, Doc. No. 106.)

Mr. Smith because he "may be in possession of HSMG's property," and (2) Mr. Smith

fails to demonstrate prejudice.[36]

## ANALYSIS

As an initial matter, Mr. Constantin and Mr. McMahen have not waived their

arguments by failing to oppose the prior motion to stay.  Millrock seeks new relief: an

extension of the stay for an additional two-and-a-half months.  Mr. Constantin and Mr.

McMahen are entitled to oppose the requested extension, regardless of whether they

opposed the original request for a two-month stay.  And Millrock, as the party seeking

the stay, bears the burden of demonstrating a continued stay is warranted at this

stage.[37]

Next, the applicability of the automatic bankruptcy stay to the nondebtor

defendants is not properly before the court.  In its motion, Millrock does not seek a

determination that the automatic stay applies.  For the first time in its reply, Millrock

argues the automatic stay may apply to claims against Mr. Smith (and only in discussing

out-of-circuit cases cited by Mr. Smith).[38]  Where Millrock does not raise this issue in its

motion, nor address the legal standard for extending the automatic stay to nondebtors,

the issue is not properly before the court.  Instead, the court considers whether a

continued stay is warranted pursuant to the court's inherent power to control its docket.

---

[36] (*Id.* at 7–9.)

[37] *See Klein v. Lewis*, No. 2:19-cv-00801, 2020 U.S. Dist. LEXIS 29596, at *2 (D. Utah Feb. 18, 2020) (unpublished) ("[T]he burden of demonstrating that a stay is warranted lies with the party requesting the stay.").

[38] (*See* Reply 7–9, Doc. No. 106.)

Millrock failed to substantively respond to Mr. Constantin and Mr. McMahen's argument that there is no nexus between the bankruptcy case and Millrock's claims against them in this case, focusing instead on waiver.  Nevertheless, with respect to Mr. Smith, Millrock asserts the trustee may have an interest in, and a right to pursue, the fraudulent transfer claim against Mr. Smith, to recover property of HSMG's estate.[39] Where Millrock brings similar voidable transfer claims against Mr. Constantin and Mr. McMahen, presumably, the same argument also applies with respect to those defendants.

The connection between the bankruptcy case and this case is apparent from the nature of Millrock's claims.  Because HSMG defaulted on the underlying contract claims, the voidable transfer claims are the primary claims remaining.[40]  But as Millrock notes, these claims overlap with remedies the trustee could elect to pursue in the bankruptcy action.  Specifically, "[t]he Bankruptcy Code provides an appointed trustee several extraordinary remedies to ensure full and equitable distribution of an estate," including "the power to invalidate—or 'avoid'—certain transactions predating the bankruptcy petition."[41]  Thus, if the trustee pursues this remedy in the bankruptcy proceedings, it may affect Millrock's ability (or desire) to pursue the voidable transfer claims in this case.

---

[39] (*Id.* at 8.)

[40] The only other claim is Millrock's "alter ego" claim against Mr. Smith and the other defaulted entities.

[41] *Lewis v. Takacs (In re Stone Pine Inv. Banking, LLC)*, Nos. 21-1423, 21-1431, 21-1439, 2023 U.S. App. LEXIS 33663, at *2 (10th Cir. Dec. 19, 2023) (unpublished) (citing 11 U.S.C. § 544).

Under these circumstances, the applicable factors support Millrock's request to extend the stay.  An extension of the stay will promote judicial economy, to the extent it may clarify whether the bankruptcy trustee intends to pursue a remedy which overlaps with Millrock's voidable transfer claims—and potentially obviate the need for Millrock to pursue those claims in this case.  Likewise, an extension of the stay could avoid confusion and inconsistencies that might otherwise result from the same remedy being pursued in parallel proceedings.  Further, a delay of only two-and-a-half months in addressing the defendants' motions will not unduly prejudice the defendants or cause undue hardship.  Considering all these factors, an extension of the stay is warranted at this stage.

Nevertheless, this assessment may change if Millrock continues to seek further extensions of the stay.  Any new motion to extend the stay must provide specific reasons why a stay is warranted *at that stage* under the applicable factors.  It is insufficient to simply rely on prior orders granting a stay.  Millrock is also cautioned that the longer the stay is in place, the greater the potential the defendants may be unduly prejudiced by the cumulative delay.

## CONCLUSION

Because a two-and-a-half-month extension of the stay of this case may help clarify the status of the claims in this case in light of the HSMG's bankruptcy case, and will not unduly prejudice the parties, Millrock's motion[42] is granted and the court orders as follows:

1.      The case is stayed until July 31, 2024.

---

[42] (Doc. No. 99.)

2.      The deadlines for Millrock to respond to Mr. Smith's Motion to Set Aside Default Judgment[43] and Mr. Smith's Motion to Dismiss[44] are extended to August 22, 2024.

3.      The deadline to file a motion for leave to amend pleadings or add parties is extended to August 22, 2024.

4.      The deadline for Millrock to respond to Mr. Constantin and Mr. McMahen's motion for summary judgment[45] is extended to August 28, 2024.[46]

DATED this 20th day of June, 2024.

BY THE COURT:

_Daphne A. Oberg_

Daphne A. Oberg
United States Magistrate Judge

---

[43] (Doc. No. 74.)

[44] (Doc. No. 75.)

[45] (Doc. No. 95.)

[46] The parties filed a separate, stipulated motion to extend this response deadline to twenty-eight days after the expiration of the stay, if an extension of the stay was granted.  (*See* Doc. No. 108.)  This new deadline is consistent with the parties' proposal.