IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC., et al.,<br><br>Defendants. | **ORDER GRANTING DEFENDANT JUSTIN SMITH'S SECOND MOTION TO SET ASIDE DEFAULT**<br><br>Case No. 2:23-cv-00157-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Now before the court is Defendant Justin Smith's Motion to Set Aside Default Judgment.[1] Plaintiff Millrock Investment Fund 1, LLC (Millrock) filed this suit against Defendants in March 2023 asserting various causes of action stemming out of leases for ambulatory surgical centers in Utah and Texas.[2] The only Defendants who filed an Answer to the Complaint were Joshua Constantin and Stuart McMahen.[3] As a result, on October 3 and 4, 2023, Millrock filed a series of Motions for Entry of Default, including against Smith.[4] On October 23, 2023, the Clerk of Court entered a Default Certificate[5] against Defendants Black Label Services; Healthcare Solutions Holdings Inc.; Healthcare Solutions Management Group Inc.; Landes Capital Management LLC; Landes and Compagnie Trust Prive KB; and Justin Smith. On November 22, 2023, Smith, acting pro se, filed his Answer to the Complaint[6] and a

---

[1] Dkt. 74, *Second Motion to Set Aside Default Judgment Against Defendant Justin Smith*.

[2] Dkt. 28, *Amended Complaint* at 4–13.

[3] See Dkt. 47, *Answer filed by Joshua Constantin*; Dkt. 48, *Answer filed by Stuart McMahen*.

[4] Dkt. 61, *Plaintiff's Motion for Entry of Default as to Justin Smith*.

[5] Dkt. 66, *Clerk's Entry of Default Certificate*.

[6] Dkt. 67, *Answer filed by Justin Smith*.

1

Motion to Set Aside Default Judgment.[7] The court denied Smith's Motion without prejudice due to deficiencies, and allowed him to refile within 21 days.[8] Smith has done so and Millrock does not oppose.[9] For the reasons discussed below, the court GRANTS Smith's Second Motion to Set Aside Default Judgment.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(c), this court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."[10] Despite the fact that Smith frames his Motion as one to set aside default judgment, Smith's Motion is properly construed under Rule 55(c) since a default judgment has not yet been entered by the court.[11] As Rule 55(c)'s wording suggests, "the good cause required . . . for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."[12] "The good cause standard is fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'"[13] However, this preference "is counterbalanced by considerations of social goals, justice, and expediency, a weighing process which lies largely within the domain of the trial judge's discretion."[14] The Tenth Circuit instructs the district court to "consider, among other

---

[7] Dkt. 68, *First Motion to Set Aside Default Judgment Against Defendant Justin Smith*.

[8] Dkt. 72, *Order Denying Defendant Justin Smith's Motion to Set Aside Default Judgment*.

[9] Dkt. 121, *Notice of Non-Opposition to Motion to Set Aside Default Judgment Against Defendant Justin Smith*.

[10] Fed. R. Civ. P. 55(c).

[11] The court is mindful that Smith proceeds pro se and his filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

[12] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) (citations omitted).

[13] *QFA Royalties LLC v. Liberty Holding Group, Inc.*, No. 06-CV-00948-LTB-MEH, 2007 WL 2071633, at *1 (D. Colo. July 16, 2007) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[14] *Gomes*, 420 F.2d at 1366.

things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'"[15] "These factors are not 'talismanic'"—the court may choose to consider other factors and need not consider all the factors.[16] In particular, "[i]f the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone."[17] The burden is on the moving party to demonstrate there is good reason to vacate the Clerk's Entry of Default.[18]

## DISCUSSION

The court first considers whether the default was due to Smith's culpable conduct. "A defendant's conduct is generally considered culpable if [he] has defaulted willfully or has no excuse for the default."[19] Here Smith asserts that, pursuant to the terms of his separation agreement with Healthcare Solutions Management Group (HSM), it agreed to indemnify Smith and accept responsibility for all legal fees.[20] Because of this, he believed HSM had retained counsel for him and only recently learned that they had not.[21] While the indemnification agreement does not say a lawyer will be provided and Smith could have been more diligent in monitoring the lawsuit after receiving service, it is not unreasonable for a pro se litigant to be confused about what might be covered by an indemnification agreement.

---

[15] *Pinson v. Equifax Credit Info. Services, Inc.*, 316 F. App'x. 744, 750 (10th Cir. 2009) (quoting *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).

[16] *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d at 184).

[17] *Id.* (citations omitted).

[18] *See Gomes*, 420 F.2d at 1366 ("[T]he trial court ought not reopen a default judgment simply because a request is made by the defaulting party; rather, that party must show that there was good reason for the default and that he has a meritorious defense to the action.") (citations omitted).

[19] *Hunt*, 1995 WL 523646, at *3.

[20] Dkt. 74 at 1; *see also* Dkt. 74-1 at 11.

[21] Dkt. 74 at 2.

Regarding the prejudice factor, Millrock does not object to setting aside the Clerk's Entry of Default,[22] and the lawsuit is in early stages. The court finds Millrock will not be prejudiced if the court sets aside the entry of default.

Finally, to determine whether Smith has presented a meritorious defense, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense in the action."[23] This must include "a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious."[24] In his Motion, Smith asserts that he entered into leases "on behalf of HSM and/or its affiliates" and was not the guarantor.[25] Given the unopposed nature of the Motion, the court deems this sufficient.

## CONCLUSION

Smith's Second Motion to Set Aside Default Judgment[26] is GRANTED. The Clerk of Court's Entry of Default against Defendant Justin Smith[27] is VACATED.

SO ORDERED this 9th day of August 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[22] Dkt. 121.

[23] *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).

[24] *Id.*; *see also Gomes*, 420 F.2d at 1366 ("In an attempt to determine the meritorious nature of a defense, the trial court must have before it more than mere allegations that a defense exists.").

[25] Dkt. 74 at 2.

[26] Dkt. 74.

[27] Dkt. 66.