FILED
2024 NOV 22
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT, LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; JUSTIN SMITH; STUART MCMAHEN; and BLACK LABEL SERVICES, INC., <br><br> Defendants. | DEFENDANT McMAHEN's RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT <br><br> Case No. 2:23-CV-00157-RJS-DAO <br><br> Chief District Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Defendant, Stuart W. McMahen hereby files this response to Plaintiff Millrock's filed opposition brief on August 8th, 2024.

Plaintiff Millrock Investment Fund I, LLC ("Millrock") argues in its Opposition to Defen-

dant's Motion for Summary Judgment that Defendants' Motion should fail for two (2) reasons: (1) prematurity and (2) existence of evidence in the record. However, Plaintiff's arguments rely on a self-serving and misleading interpretation of language and documents that seem to be the basis for Plaintiff's leap to erroneous conclusions leading to Plaintiff initially filing this lawsuit without a factual basis or evidence of any transfer. The mere extension of more time will not provide or create evidence of transfers where none existed to begin.

To fairly address the reasons this court should grant Defendant's Motion for Summary Judgment, Defendant will first address Plaintiff's second argument. Plaintiff claims there is sufficient evidence in the suit record to support the alleged transfers. However, as stated in Defendant's Motion for Summary Judgment, the very evidence that Plaintiff points to at the bare minimum is neutral as to the existence of a transfer, but more fairly, is evidence that a transfer failed to occur.

Neither Defendant Constantin nor McMahen have argued that the Settlement Agreements referenced in the Form 8K are erroneous. Rather, Defendant McMahen asserts those filings represent Settlements for actual wages and bonuses owed to him for work performed under the terms of his employment. Millrock acknowledges that the company fell behind due to insolvency. This is also supported by the bankruptcy under which the company has undergone. The Settlement Agreement is evidence not of a transfer, but of payments owed by the company to Defendant McMahen. Additionally, the following 8K filing evidencing the judgment McMahen obtained against the company is the only evidence relating to transfers of any kind in this record. That evidence is of the failure or lack of any transfer having taken place. Plaintiff's now want to rely on an Agreement evidencing a debt without any evidence of that debt having been satisfied in order to continue specious and costly litigation against a Defendant that has already suffered great financial loss. Indeed, Defendant McMahen wish-

es he had been paid money owed to him for past due wages and bonuses as Defendant believes such debts would take priority over Millrock as a landlord of HSH/HSMG. However, there is simply no evidence of such transfer ever having taken place and clear evidence that it did not.

Plaintiff additionally alleges Constantin and McMahen maintained control over the actions of HSH/HSMG while seemingly refusing to acknowledge that Defendant McMahen separated from the company and was never CEO, Interim CEO, or any other position following his resignation which is clearly noted in the Settlement Agreement and form 8K filing.

Plaintiff additionally argues that it needs additional time to discover evidence of the existence of these alleged transfers. However, Plaintiff is merely conducting a fishing expedition to disrupt Defendant McMahen and others lives by filing a suit without the underpinnings of an evidentiary basis. Furthermore, as indicated in Defenadnt's Motion for Summary Judgment, bank records and other evidence and offerings were made to Plaintiff's demonstrating that no transfers were ever made to Defendant McMahen. Despite such productions and offerings, Plaintiff's continue to baseless pursue this action further draining Defendant McMahen of time and resources.

Based on the arguments presented in Defendants' Motion for Summary Judgment, and the continued inability of Plaintiff's to point to the existence of any evidence, Defendant respectfully requests that this honorable court grant Defendants' Motion for Summary Judgment as prayed for. Dated this 22nd Day of November, 2024.

/s/Stuart W, McMahen_____
Stuart W. McMahen, Defendant
Self-Represented
Address: 114 Hortman Dr
Address: Springhill, LA 71075
Telephone:  318-272-0690
Email:  stuart.w.mcmahen@gmail.com

## CERTIFICATE OF SERVICE

    I hereby certify that on October 8th, 2024, I caused to be served a true and correct copy of the foregoing **RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** via the CM/ECF, which automatically provided notice to all counsel of record.

**/s/ Stuart W. McMahen**
