IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC., et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:23-cv-00157-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Millrock Investment Fund 1, LLC's (Millrock) Rule 56(d) Motion seeking to defer any ruling on Defendants Joshua Constantin and Stuart McMahen's joint Motion for Summary Judgment[1] until after the completion of discovery.[2] After careful consideration of the parties' briefing, the court finds additional discovery would likely aid in the development of facts essential to an opposition to summary judgment. Thus, the court GRANTS Millrock's Rule 56(d) Motion. Accordingly, the Motion for Summary Judgment is DENIED WITHOUT PREJUDICE and may be resubmitted after the January 17, 2025 fact-discovery deadline.

## BACKGROUND

This case concerns settlement agreements between Defendant Healthcare Solutions Management Group, Incorporated (HSMG) and former HSMG employees, Constantin and McMahen. Millrock alleges HSMG initiated these settlements to avoid paying debts owed to

---

[1] Dkt. 95, *Defendants Joshua Constantin and Stuart McMahen's Motion for Summary Judgment* (*Motion for Summary Judgment*).

[2] Dkt. 123, *Rule 56(d) Motion to Defer or Deny Defendants Joshua Constantin and Stuart McMahen's Motion for Summary Judgment* (*Rule 56(d) Motion to Defer*).

Millrock. Consequently, Millrock brought claims against Constantin and McMahen for Voidable Transfer.[3]

Constantin and McMahen answered Millrock's Complaint on July 17, 2023.[4] On March 15, 2024, they moved for summary judgment on Millrock's Voidable Transfer claim,[5] and, on the same day, the court stayed all case deadlines until May 15, 2024 in light of HSMG's bankruptcy proceedings.[6] The court later stayed the case again until July 31, 2024.[7] However, because HSMG's bankruptcy proceeding was dismissed, the court subsequently lifted the stay and ordered the parties to file a proposed amended scheduling order and briefing deadlines for pending motions within fourteen days.[8] Consistent with that order, the parties filed a stipulated motion with a proposed order that set the close of fact-discovery on January 17, 2025.[9] On August 20, 2024, the court stayed the case again as to Constantin and McMahen until September 10, 2024 after granting a motion filed by Constantin and McMahen's attorneys to withdraw as counsel.[10]

Currently pending in this case is Constantin and McMahen's joint Motion for Summary Judgment on Millrock's claims for Voidable Transfer.[11] Millrock opposed the motion[12] and also

---

[3] Dkt. 28, *Second Amended Complaint and Jury Demand* (*Complaint*).

[4] Dkt. 47, *Answer to Second Amended Complaint and Jury Demand* (*Constantin's Answer*); Dkt. 48, *Answer to Second Amended Complaint and Jury Demand* (*McMahen's Answer*).

[5] *Motion for Summary Judgment*.

[6] Dkt. 97, *Order Granting Motion to Stay and Motion for Extension of Time*.

[7] Dkt. 110, *Memorandum Decision and Order Granting Motion to Extend Stay and Other Deadlines*.

[8] Dkt. 114, *Docket Text Order*.

[9] Dkt. 115, *Stipulated Motion for an Order Amending Scheduling Order and Setting Briefing Deadlines for Pending Motions*.

[10] Dkt. 133, *Order Granting Motion to Withdraw as Counsel*.

[11] *Motion for Summary Judgment*.

[12] Dkt. 125, *Opposition to Defendants Joshua Constantin and Stuart McMahen's Motion for Summary Judgment* (*Opposition*).

moved, pursuant to Federal Rule of Civil Procedure 56(d), to defer consideration of the Motion for Summary Judgment until the close of discovery. Millrock's Rule 56(d) Motion is fully briefed and ripe for review.[13]

## LEGAL STANDARD

Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

"The general principle of Rule 56[(d)] is that 'summary judgment [should] be refused when the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'"[14] The decision to grant a Rule 56(d) motion is within the trial court's discretion.[15] Rule 56(d) motions should be granted when the nonmovant shows via affidavit or declaration (1) the probable facts are not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable the party to obtain those facts and rebut the motion for summary judgment.[16]

---

[13] *Rule 56(d) Motion to Defer*; Dkt. 142, *Defendant McMahen's Response to Plaintiff's Opposition to Motion for Summary Judgment*; Dkt. 143, *Defendant Constantin's Response to Plaintiff's Opposition to Motion for Summary Judgment*.

[14] *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (citation omitted).

[15] *Jensen v. Redev. Agency of Sandy City*, 998 F.2d 1550, 1553–54 (10th Cir. 1993) (citation omitted).

[16] *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (citation omitted).

## ANALYSIS

### I.     Millrock Had No Opportunity to Discover Information Essential to its Opposition.[17]

Millrock has satisfied Rule 56(d) by showing it cannot present facts essential to its opposition to Constantin and McMahen's joint Motion for Summary Judgment.  Under Utah law, a transfer is voidable by a creditor if (i) the debtor made the transfer with intent to hinder, delay, or defraud any creditor of the debtor, or (ii) if the transfer is made without receiving a reasonably equivalent value in exchange for the transfer, and the debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.[18]  McMahen and Constantin's basis for summary judgment is that, despite public filings evidencing a settlement agreement between them and HSMG, no capital transfers ever took place, and Millrock cannot point to any evidence to the contrary.[19]  However, McMahen and Constantin have apparently only volunteered financial records related to Defendant Healthcare Solutions Holdings, Inc., a subsidiary of HSMG.[20]  Thus, Millrock was provided no opportunity to discover HSMG financial records or Constantin and McMahen's personal records,[21] and it had no opportunity to depose key individuals that may have critical information regarding the settlement agreement and subsequent transfers (including McMahen and Constantin themselves).[22]

---

[17] The court acknowledges additional discovery has likely taken place between Millrock's Rule 56(d) Motion and this Order.  However, the court considers Millrock's 56(d) Motion as of the time it was filed because shortly thereafter Millrock was prematurely required to respond to Constantin and McMahen's Joint Motion for Summary Judgment.

[18] Utah Code § 25-6-202(1).

[19] *See generally*, *Motion for Summary Judgment*.

[20] *Rule 56(d) Motion to Defer* at 6–7.

[21] *Id*; *see also* Dkt. 123, Ex. C, *Declaration of Bentley J. Tolk* ¶¶ 16–19.

[22] *Rule 56(d) Motion to Defer* at 9–10; *Declaration of Bentley J. Tolk* ¶ 19.

Accordingly, Millrock has demonstrated that 1) proof of HSMG transfers to Constantin and McMahen are presently unavailable;[23] 2) facts surrounding the transfers cannot currently be presented because they are in Defendants' control;[24] 3) Millrock has taken reasonable steps to ascertain these facts in light of the multiple stays in the case;[25] and 4) Millrock intends to use the full discovery period to ascertain essential facts by serving subpoenas on entities and financial institutions included in Constantin and McMahen's responses to interrogatories and by deposing individuals connected to the settlement agreements.[26]

Constantin and McMahen fail to persuasively oppose Millrock's Rule 56(d) Motion. Instead, they primarily contend that Millrock's evidentiary basis for the transfers—the publicly disclosed settlement agreement—is deficient on its face, does not justify additional discovery, and would not produce any evidence of the transfers.[27] Thus, Constantin and McMahen argue Millrock's Rule 56(d) Motion to Defer is "baseless" and a "fishing expedition."[28]

Even if the court were to agree that Millrock's basis for alleging that transfers took place was tenuous, McMahen and Constantin ignore other facts in the record that potentially offer strong support for the other elements of a voidable transfer claim. These include Mr. Constantin's threats to "empty the corporate shell,"[29] the timing of the settlement agreements relative to Millrock's lawsuit,[30] HSMG's financial state prior to and after the settlement

---

[23] *Rule 56(d) Motion to Defer* at 6–8; *Declaration of Bentley J. Tolk* ¶ 21.

[24] *Rule 56(d) Motion to Defer* at 6–8; *Declaration of Bentley J. Tolk* ¶ 21.

[25] *Rule 56(d) Motion to Defer* at 9; *Declaration of Bentley J. Tolk* ¶¶ 16–19.

[26] *Rule 56(d) Motion to Defer* at 9–10; *Declaration of Bentley J. Tolk* ¶¶ 17–23.

[27] *See generally Defendant McMahen's Response to Plaintiff's Opposition to Motion for Summary Judgment*; *Defendant Constantin's Response to Plaintiff's Opposition to Motion for Summary Judgment*.

[28] *Defendant McMahen's Response to Plaintiff's Opposition to Motion for Summary Judgment* at 3; *Defendant Constantin's Response to Plaintiff's Opposition to Motion for Summary Judgment* at 3.

[29] *Complaint* ¶ 61.

[30] *Declaration of Bentley J. Tolk* ¶¶ 5–7.

agreements,[31] and Constantin's prior fraudulent conduct.[32]  Accordingly, Millrock's pursuit for additional discovery is not "baseless," and Millrock is entitled to wait until the end of fact-discovery to properly oppose summary judgment.

## CONCLUSION

For the foregoing reasons, the court GRANTS Millrock's Rule 56(d) Motion[33] and DENIES WITHOUT PREJUDICE McMahen and Constantin's joint Motion for Summary Judgment.[34]

DATED this 10th day of December, 2024.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[31] *See generally Complaint*; *Order Granting Motion to Stay and Motion for Extension of Time*.

[32] *Rule 56(d) Motion to Defer* at 7.

[33] Dkt. 123.

[34] Dkt. 95.