UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT, LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; JUSTIN SMITH; STUART MCMAHEN; and BLACK LABEL SERVICES, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SHORT FORM DISCOVERY MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS (DOC. NO. 150)**<br><br>Case No. 2:23-cv-00157<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Millrock Investment Fund 1, LLC moves for sanctions against pro se defendants Joshua Constantin and Stuart McMahen based on their failure to respond to its discovery requests.[1] Alternatively, Millrock seeks to compel them to respond.[2] Mr. Constantin and Mr. McMahen did not respond to the motion. As explained below, the motion is granted in part and denied in part.

---

[1] (Short Form Disc. Mot. to Compel Disc. and for Sanctions (Mot.), Doc. No. 150.)

[2] (*Id.*)

## BACKGROUND

Millrock served its first set of interrogatories, requests for production of documents, and requests for admission on Mr. Constantin and Mr. McMahen in July 2024.[3] Mr. Constantin and Mr. McMahen's counsel withdrew a month later,[4] and these defendants filed pro se appearances in September.[5] In December, Millrock's counsel emailed Mr. Constantin and Mr. McMahen, advising them it had not received any response to the discovery requests.[6] Mr. Constantin did not respond to the email.[7] Mr. McMahen negotiated two extensions to respond to the discovery requests, until January 17, 2025.[8] But Mr. McMahen did not provide discovery responses by that date, and he failed to respond to subsequent communication from Millrock's counsel.[9]

## LEGAL STANDARDS

Under Rule 37(d) of the Federal Rules of Civil Procedure, a court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written

---

[3] (*See* Millrock's First Set of [Disc. Reqs.] to Defs. Joshua Constantin and Stuart McMahen, Doc. No. 150-1.)

[4] (*See* Doc. No. 133.)

[5] (Doc. Nos. 136 & 137.)

[6] (*See* Mot. 2, Doc. No. 150.)

[7] (*Id.*)

[8] (*Id.*)

[9] (*Id.*)

response."[10] Sanctions may include "any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)."[11] As relevant here, this includes "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims," and "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."[12] "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[13]

Under Rule 37(a), a party seeking discovery may move for an order compelling a response or production if a party fails to answer interrogatories or requests for production.[14] If the motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[15] "But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

---

[10] Fed. R. Civ. P. 37(d)(1)(A)(ii).

[11] Fed. R. Civ. P. 37(d)(3).

[12] Fed. R. Civ. P. 37(b)(2)(A)(i)–(ii).

[13] Fed. R. Civ. P. 37(d)(3).

[14] Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).

[15] Fed. R. Civ. P. 37(a)(5)(A).

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[16]  If the motion to compel is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[17]

Because Mr. Constantin and Mr. McMahen proceed without an attorney (pro se), their filings are liberally construed and "held to a less stringent standard than formal pleadings drafted by lawyers."[18]  Still, pro se parties must follow the same rules of procedure that govern other litigants.[19]

## ANALYSIS

Millrock argues sanctions are warranted based on Mr. Constantin's and Mr. McMahen's "complete dereliction in responding to discovery."[20]  Specifically, Millrock seeks an order (1) designating the facts inquired about in the requests for admission be taken as established for purposes of the action; (2) prohibiting Mr. Constantin and Mr. McMahen from "supporting or opposing [Millrock's] claims or defenses, or from introducing designated matters in evidence"; and (3) awarding Millrock its reasonable attorney fees incurred in bringing this motion.[21]  Alternatively, Millrock seeks an order

---

[16] *Id.*

[17] Fed. R. Civ. P. 37(a)(5)(C).

[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[19] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[20] (Mot. 2, Doc. No. 150.)

[21] (*Id.* at 2–3.)

compelling Mr. Constantin and Mr. McMahen to respond to the interrogatories and produce responsive documents.[22]

Millrock's first requested sanction is unnecessary to impose. Where Mr. Constantin and Mr. McMahen failed to timely respond to Millrock's requests for admission, the matters therein have been admitted by operation of Rule 36(a)(3). Under this rule, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."[23]

Millrock has not demonstrated its second requested sanction is warranted at this stage. Millrock does not identify specific claims or defenses which Mr. Constantin and Mr. McMahen should be prohibited from supporting or opposing. Likewise, Millrock does not identify which "designated matters" they should be prohibited from introducing into evidence. To the extent Millrock seeks to prohibit Mr. Constantin and Mr. McMahen from offering *any* opposition to Millrock's claims, this is essentially a request for entry of default. Millrock has not justified such an extreme sanction, where this is Millrock's first discovery motion and no prior order compelling a discovery response has been issued. Instead, the court orders Mr. Constantin and Mr. McMahen to respond to the interrogatories and produce the requested documents—pursuant to Millrock's alternative request for relief.

---

[22] (*Id.* at 3.)

[23] Fed. R. Civ. P. 36(a)(3).

Finally, Millrock's request for an award of reasonable attorney fees incurred in bringing this motion is granted. Mr. Constantin and Mr. McMahen had a reasonable opportunity to respond to the motion, but they failed to file a response by the deadline (or anytime in the six weeks since the motion was filed).[24] Millrock also made good faith attempts to obtain the discovery responses without court action. Mr. Constantin's and Mr. McMahen's complete failure to respond to the discovery requests is not substantially justified, and no other circumstances make an award of reasonable attorney fees unjust. Accordingly, an award of attorney fees is justified under both Rule 37(d)(3) (as a sanction for failure to respond to discovery) and Rule 37(a)(5)(A) (because Millrock's request to compel discovery responses is granted).

## CONCLUSION

Millrock's motion[25] is granted in part and denied in part. The requests for admission are deemed admitted by operation of Rule 36(a)(3). Mr. Constantin and Mr. McMahen are ordered to fully respond to the interrogatories and produce all requested documents by **May 21, 2025**. And Mr. Constantin and Mr. McMahen are ordered to pay Millrock's reasonable attorney fees incurred in bringing this motion. The parties must

---

[24] *See* DUCivR 37-1(b)(3) (providing a response to a short form discovery motion must be filed within five business days).

[25] (Doc. No. 150.)

confer regarding the amount of the fees.  If the parties are unable to agree, Millrock must file a motion regarding the amount of the fees by May 21, 2025.

DATED this 7th day of May, 2025.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge