FILED
2025 MAY 28
CLERK
U.S. DISTRICT COURT

*Defendants Joshua Constantin - **Pro se***

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT, LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; JUSTIN SMITH; STUART MCMAHEN; AND BLACK LABEL SERVICES, INC., <br><br> Defendants. | **REQUEST FOR SUMMARY JUDGMENT, SANCTIONS, AND ATTORNEY FEES.** <br><br> Case No. 2:23-cv-000157-RJS-DAO <br><br> Chief District Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

NOW COMES Joshua, Defendant in the above-captioned matter, respectfully submitting this request for Summary Judgment, Sanctions, and Attorney Fees.

## RELIEF SOUGHT AND GROUNDS IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 56 and DUCivR 56-1, Defendant Joshua Constantin ("Constantin"), Pro se, moves for summary judgment on Plaintiff Millrock Investment Fund 1, LLC's ("Millrock") voidable transfer claims asserted against him in this matter.

Opposing counsel, Attorney John E. Keiter, has knowingly misrepresented material facts to the Court by falsely asserting that no discovery response was provided. In reality, Defendant

timely submitted discovery responses to Attorney Keiter on April 28, 2025, as evidenced by the attached **Exhibit A**.

Attorney Keiter subsequently acknowledged receipt of these responses in an email dated April 30, 2025, attached hereto as **Exhibit** B. Thus, opposing counsel's representation to the court that no responses were received constitutes a deliberate and knowingly false statement.

Additionally, Attorney Keiter lied and misrepresented his procedural actions, claiming on April 30, 2025, to have already filed a motion to compel discovery when, in fact, such motion was not filed until May 5, 2025, further evidencing the intent to mislead both the court and Defendant.

This pattern of behavior by Plaintiff Millrock and Attorney Keiter continues to undermine judicial integrity through blatant falsehoods and misleading assertions, wasting court resources, and necessitating unnecessary litigation.

The Defendant has provided clear and conclusive evidence through bank statements demonstrating unequivocally that the alleged payments forming the basis of Plaintiff's claims never occurred. Defendant Constantin's personal bank statements, which were delivered to Millrock on or about May 20th, 2025, attached hereto as **Exhibit** J, and all bank statements for Healthcare Solutions Holdings, Inc. ("HSH") which were provided to opposing counsel over a year ago, substantiate this reality, conclusively disproving Plaintiff's allegations.

Furthermore, the Bankruptcy Attorney's examination of HSH found no preferential treatment or voidable transactions, further negating Plaintiff's claims.

Defendant Constantin moves for summary judgment on the voidable transfer claims asserted against him in Millrock's Second Amended Complaint ("Complaint"). Millrock's voidable transfer claims against Defendants allege that on or around March 10, 2023, HSH

transferred $9,450,479 to McMahen, Black Label Services, Inc. ("BLS"), and Constantin. As it pertains specifically to Defendant, Millrock alleges that pursuant to settlement agreements between HSH and Defendants, HSH made a payment to Constantin in the amount of $2,235,923. Millrock alleges that the payments made to Defendant are voidable for the various reasons outlined in the Complaint, including intent to hinder or delay HSH's payment of the debt it owed to Millrock or because the transfers were made without receiving equivalent value. This claim in itself is flawed, even in the event that the transfer did take place, which it didn't. Defendant Constantin was an employee who was owed back wages, placing him in line as a creditor ahead of and above Plaintiff Millrock. Millrock's claims against the Defendant also fail as a matter of law because no such payments ever occurred.

Indeed, Millrock has no evidence whatsoever to support its claim that HSH made the alleged transfers to Constantin. Millrock is relying on a false belief alone and lacks any documentation to support its unsubstantiated claim. The bank accounts for Defendant and HSH have been provided in discovery, and clearly show that no such payments ever occurred. As explained in further detail below, the undisputed facts in this case show that the alleged transfers to Constantin did not occur. Where there is no transfer, no claim for voidable transfer can be maintained.

Despite repeated requests to voluntarily dismiss these unsubstantiated claims, Millrock continues to cling to voidable transfer claims that must now, in the face of the truth, be dismissed as a matter of law. As Polonius said of Hamlet's madness, "If circumstances lead me, I will find Where truth is hid, though it were hid indeed Within the centre." William Shakespeare's *Hamlet,* Act 2, Scene 2.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. Millrock is an investment and development fund that buys and sells commercial properties and then divides and sells its fee simple title to various tenant-in-common owners. Complaint ¶ 15, p. 4, Docket No. 28.

2. On or about July 29, 2018, Jameson, LLC d/b/a American Development Partners ("ADP") entered into a multi-unit development agreement with Healthcare Solutions Management Group, Inc. ("HSMG") and Advance Care Medical, Inc. to develop ambulatory surgical centers and advance care medical centers throughout the country. *Id*. at ¶ 16, p. 4.

3. Millrock, through its association with ADP, purchased various commercial properties to act as ACM centers, and entered into lease agreements with HSMG as the lessee to operate the ACM centers, including one in Draper, Utah ("Draper Project"). *Id*. at ¶¶ 18-20, p. 4.

4. In connection with construction of the Surgical Centers, Millrock was required to pay ADP $2.55 million for the Draper Project as an equipment allowance to equip the Surgical Center, and ADP was then required to transfer the equipment allowance to HSMG, which HSMG was then required to use to purchase the necessary equipment for each Surgical Center. ADP would submit draw requests for the equipment allowance at various points throughout the development process, and ADP would immediately transfer those draws to HSMG. *Id*. at ¶ 37, pp.6-7.

5. Millrock withheld the last equipment draw for the Draper Project and the project was ultimately never completed. Making Millrock the debtor of HSH not a creditor. *Id*. at ¶¶ 40-41, p. 7.

6. In or about late 2022 and through early 2023, HSMG was struggling financially and was on the brink of going out of business. Indeed, as of January 2023, HSH's – the wholly-owned subsidiary of HSMG – core business was shut down. *See* Constantin Declaration, ¶ 15

attached hereto as **Exhibit C**.; *See* HSMG March 5, 2023 Form 8-K attached hereto as **Exhibit D**.

7.  As a result of the company's decline, HSMG was struggling to retain employees and a number of top-level executives were resigning, including Justin Smith, Dr. Joseph Asuncion, Dr. Richard Muckerman, Blake Moorman, Dr. Richard F. Wittock, and Dr. Abdullah Arshad. *See* HSMG March 15, 2023 Form 8-K attached hereto as **Exhibit E**; *See* HSMG December 27, 2022 Form 8-K attached hereto as **Exhibit F**.

8.  Due to HSH's core business shutting down and HSH falling significantly behind in the payment of regular payroll, medical benefits, and bonuses to Constantin, on March 5, 2023, HSH entered into a Settlement Agreement with Constantin, which were negotiated by Jonathan Loutzenhiser on HSH's behalf. *See* HSMG March 5, 2023 Form 8-K attached hereto as **Exhibit B**; *See* Constantin Settlement Agreement attached hereto as **Exhibit E**.

9.  HSMG's March 5, 2023 Form 8-K states, "[o]n March 5, 2023, HSH entered into a Settlement Agreement and Release with Joshua Constantin (the "Constantin Agreement"). Pursuant to the Constantin Agreement, HSH *agreed to pay* Mr. Constantin a total sum of $2,235,923 (the "Settlement Payment") no later than one (1) business day after Mr. Constantin delivers to HSH a signed copy of the Constantin Agreement, as HSH had fallen significantly behind in the payment of regular payroll, benefits and bonuses to Mr. Constantin and HSH's core business had been shut down due to the actions of certain corporate officers and other employees unrelated to Mr. Constantin." *See* HSMG March 5, 2023 Form 8-K attached hereto as **Exhibit D** (emphasis added).

10. Paragraph 1 of the Constantin Agreement states that, "EMPLOYER *will pay* EMPLOYEE the total sum of Two Million Two Hundred Thirty-Five Thousand Nine Hundred

and Twenty-Three Dollars 00/100 (US $2,235,923.00) (the "Settlement Payment") as provided herein." *See* Constantin Settlement Agreement attached hereto as **Exhibit G** (emphasis added).

11. It is undisputed that the March 5, 2023 Form 8-K and the Defendants' Settlement Agreements merely reference an agreement to pay, but do not state that Defendant were actually paid.

12. The settlement agreement

13. Constantin was never paid the $2,235,923 Settlement Payment. *See* Constantin Declaration, ¶¶ 21, 27 attached hereto as **Exhibit C**.

14. It was for this exact reason that on March 6, 2023, Defendant obtained a judgment against HSMG for the nonpayment of the $2,235,923. Defendant would not have obtained a judgment against HSMG had he actually been paid. *See* Constantin Judgement attached hereto as **Exhibit H**; *See* HSMG March 15, 2023 Form 8-K attached hereto as **Exhibit E**.

15. Given HSMG's insolvency, Constantin was precluded from collecting on his judgments. *See* Constantin Declaration, ¶ 24 attached hereto as **Exhibit C.**

16. On March 15, 2023, Constantin agreed to be appointed as HSMG's Interim Chief Executive Officer, Interim Chief Financial Officer and sole member of the Board of Directors in hopes of collecting outstanding debts owed to HSMG, which could be used to pay Constantin the $2,235,923 that he was owed. *See* HSMG March 15, 2023 Form 8-K attached hereto as **Exhibit E**; *See* Constantin Declaration, ¶ 25 attached hereto as **Exhibit C**.

17. Constantin never collected any outstanding debts owed to HSMG and officially resigned on or about November 6, 2023. *See* Constantin Declaration, ¶ 26 attached hereto as **Exhibit C**.

18. On March 23, 2023, Millrock filed its Complaint alleging six causes of action. *See* Complaint.

19. Paragraph 77 of the Complaint states, in relevant part, that "HSMG … ***made the following payments***: (1) $465,000 to Stuart McMahen (HSMG's general counsel); (2) $6,749,556 to Black Label Services, Inc. (entity owned or operated by Dr. Charles Balaban, who is a director and major shareholder of HSMG); and (3) $2,235,923 to Joshua Constantin (comptroller and/or head of commercial real estate for HSMG)" *Id*. at ¶ 77, p. 14 (emphasis added).

20. Paragraph 78 of the Complaint states that "***[t]hose transfers were made*** shortly after this lawsuit was initiated." *Id*. at ¶ 78, p. 14 (emphasis added).

21. The fifth cause of action titled "Voidable Transfer" alleges that "[o]n or around March 10, 2023, **HSH transferred** $9,450,479 to McMahen, BLS, Constantin." *Id*. at ¶ 113, p. 20 (emphasis added).

22. Millrock has cited no evidence that the alleged transfers were made to Constantin and the Complaint contains no specific factual allegations (how, when, where, who) to support the conclusory statement that the "transfers were made".

23. To the contrary, all relevant documentation including the March 5, 2023 Form 8-K, the March 15, 2023 Form 8-K, the Defendant's Settlement Agreements, the Defendant's judgement, the Defendant's declarations, HSH's bank records, and Defendant Constantin's personal bank records directly contradicts the allegations in the Complaint and demonstrates that the money owed to Constantin pursuant to the settlement agreements was never paid.

24. On or about October 12, 2023, Defendants produced HSH's bank records, which they provided to Millrock, verifying that no such transfers to Constantin ever took place.

25. On or about April 25, 2025, Defendant Constantin submitted his discovery objections and responses to opposing counsel, Attorney John E. Keiter, attached hereto as Exhibit A. At that time, Defendant Constantin formally advised Attorney Keiter that, notwithstanding his objections to the overly broad scope of the discovery demands, he would voluntarily produce copies of his personal bank statements. Defendant Constantin further asserted that the alleged settlement payments claimed by the Plaintiff were never made, a fact clearly evidenced by his bank statements. Defendant Constantin additionally informed Attorney Keiter that he had already requested the relevant statements from his bank and anticipated receiving them shortly for prompt delivery.

26. Attorney Keiter subsequently acknowledged receipt of Defendant Constantin in an email dated April 30, 2025, attached hereto as **Exhibit** B. In the same email Attorney Keiter lied to Defendant Constantin and falsely claimed, to have already filed a motion to compel discovery when, in fact, such motion was not filed until May 5, 2025

27. Defendant Constantin's personal bank statements, which were delivered to Millrock on or about May 20th, 2025, are attached hereto as **Exhibit** J. These bank statements provide clear and conclusive evidence, demonstrating unequivocally that the alleged payments forming the basis of Plaintiff's claims never occurred.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When applying this standard, the court must "review the evidence and draw reasonable inferences therefrom in a light most favorable to the nonmoving party." *Commercial Union Ins. Co. v. Sea Harvest Seafood Co.*, 251 F.3d 1294, 1298 (10th Cir. 2001). The moving

party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)). In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party is required to "go beyond the pleadings" and identify specific facts that support each element of its case. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 322). "The plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. It is worth noting that "to defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *GeoMetWatch Corp. v. Hall*, No. 1:14-cv-00060-JNP, 2018 WL 6240991 at *7 (D. Utah Nov. 27, 2018) (internal quotations and citations omitted).

## ARGUMENT

### I. THE COURT SHOULD ENTER SUMMARY JUDGMENT ON MILLROCK'S FIFTH CAUSE OF ACTION AGAINST CONSTANTIN.

#### A. Millrock's claim against Constantin fails as a matter of law because a transfer was never made to Constantin.

To prove a fraudulent/voidable transfer claim, this Court has stated that "under Utah's Uniform Fraudulent Transfers Act, a transfer is fraudulent as to a creditor if the debtor *made the transfer* with actual intent to hinder, delay, or defraud." *City Nat'l Bank, N.A. v. Breslin*, 175 F. Supp. 3d 1314, 1319 (D. Utah 2016) (internal quotations and citations omitted) (emphasis

added). *See Klein v. Georges*, No. 2:12-CV-00076 DN, 2014 WL 6634478, at *2 (D. Utah Nov. 24, 2014) ("a transfer is actually fraudulent and may be avoided if the debtor *made the transfer* with actual intent to defraud a creditor.") (emphasis added). *See also* Utah Code Ann. § 25-6-202 (explaining that a transfer must be made or obligation incurred to pursue a voidable transfer claim). Accordingly, to succeed on a fraudulent/voidable transfer claim, the first element that Millrock must establish is that a transfer actually occurred. Here, no transfer was ever made to Constantin and Millrock has failed to put forth any evidence or even a non-conclusory allegation to the contrary. As such, given a voidable transfer cannot exist if a transfer never occurred, Millrock's claim against Constantin fails as a matter of law.

It is undisputed that Defendant entered into Settlement Agreements with HSH on or about March 5, 2023. Defendant does not dispute the fact that he entered into the Settlement Agreements, nor does he dispute the terms of the Settlement Agreements or the March 5, 2023 Form 8-K, which state, respectively, that HSH *will pay* Constantin and that HSH *agreed to pay* Constantin. The issue, however, is not that the Defendant entered into the Settlement Agreements, but that he was never paid pursuant to the terms of the Settlement Agreements. Indeed, as a result of not receiving their settlement payments, Constantin was forced to obtain judgments against HSH on March 6, 2023, which fact is also undisputed. It logically follows that Constantin would not have obtained judgments against HSH had he been paid the settlement payment. The reality is that, to date, Constantin has not been paid any amount pursuant to the settlement agreements and has even produced bank records from HSH and his own personal bank records verifying the lack of settlement payments. On or about October 12, 2023, Defendant produced HSH bank records, which were provided to Millrock, confirming that the alleged transfers had not occurred. On or about May 20th, 2025, Defendant produced his own

personal bank records, which were provided to Millrock, confirming that the alleged transfers had not occurred.

Ironically, the Form 8-Ks and Settlement Agreements that Millrock has relied upon to support its claims of voidable transfers to Defendants (*see* **Exhibits B, C, E, and F**) support the opposite of what Millrock has alleged. An agreement stating that HSH *agrees to pay* the Defendants or that HSH *will pay* the Defendants implies that the Defendants have not yet been paid and runs directly contrary to the allegations contained in Millrock's Complaint, which state that "HSH *made* the following payments", that "[t]hose transfers were *made*", and that "HSH *transferred*" the funds. Millrock misrepresents the 8-K and Settlement Agreement language and has self-servingly modified its Complaint to fit its unfounded narrative. Millrock is quite simply operating under a false assumption, which they have failed to substantiate in any way.

While Defendant has produced bank records, signed declarations, and even obtained judgments against HSH, Millrock has failed to produce any evidence whatsoever to support its claim. Millrock is relying entirely upon the future tense language of the 8-K and Settlement Agreements and is utilizing those provisions, and those provisions alone, to bring their baseless claims against Constantin. As such, Millrock's claim is based on nothing more than "mere speculation, conjecture, or surmise." *GeoMetWatch Corp. v. Hall*, No. 1:14-cv-00060-JNP, 2018 WL 6240991 at *7 (D. Utah Nov. 27, 2018). Accordingly, the Court should reject Millrock's speculative and deficient claims against Constantin and find that Millrock's lack of evidence or even specific allegations regarding the transfers renders its claim a failure as a matter of law.

II. **THE COURT SHOULD AWARD DEFENDANTS THEIR ATTORNEY'S FEES INCURRED IN THIS ACTION.**

    A. **Should Constantin prevail on this Motion for Summary Judgment, Constantin should be awarded his attorney's fees and all other costs, including that of his**

> **own time, incurred in this action, given that Millrock's action was without merit and was not asserted in good faith.**

"In civil actions, the court shall award reasonable attorney fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith…" Utah Code Ann. § 78B-5-825. The Utah Supreme Court stated that "[t]his provision requires proof on two distinct elements—a determination that the losing party's claim was (1) without merit, and (2) not brought or asserted in good faith." *Rocky Ford Irrigation Co. v. Kents Lake Reservoir Co.*, 2020 UT 47, ¶ 76, 469 P.3d 1003, 1022 (internal quotations and citations omitted). A determination under the first element turns on a conclusion of law – whether the losing party's claim lacks a basis in law or fact. *Id*. at ¶ 77 (internal quotations and citations omitted). By contrast, the second element implicates fact-intensive questions about the losing party's subjective intent. *Id*. (internal quotations and citations omitted). Millrock's assertion and maintenance of voidable transfer claims without any evidence of transfers satisfies both elements.

First, Millrock's claims against Constantin are without merit as these claims lack a basis in law and fact. As addressed above, to succeed on a voidable transfer claim, one must first establish that a transfer took place. Constantin received the transfers alleged by Millrock and Millrock has failed to produce any evidence to substantiate its claims. To the contrary, Constantin has produced evidence proving the exact opposite, establishing that the transfers never occurred. As such, Millrock's claim is without a basis in law or fact.

Second, Millrock's claim was not asserted and pursued in good faith. Soon after the filing and service of the Complaint, on June 5, 2023, counsel for Defendants held a phone conference with counsel for Millrock and explained that Constantin had ever received the payments from HSH pursuant to the settlement agreements. *See* Woodwell Declaration attached hereto as

**Exhibit I**. On October 12, 2023, Defendants produced the HSH bank records to Millrock, which showed that the settlement payments to Constantin had not been made; *See* Woodwell Declaration attached hereto as **Exhibit I**.

After engaging in discovery and providing bank records to Millrock verifying that Constantin had never received the alleged transfers, Defendants' counsel contacted Millrock's counsel on numerous occasions requesting that the claims against Defendants be dismissed given the lack of evidence. On December 28, 2023, counsel for Defendants sent an email to counsel for Millrock stating: "We wanted to check in and see if you have reviewed the bank records that we produced. We do not believe that there is a factual basis for the claims of fraudulent transfers to Joshua Constantin and Stuart McMahen. We have been through the initial disclosures that you provided, and we do not see any evidence that would support the allegation that millions of dollars were transferred to our clients by HSMG prior to its collapse. Please let us know if Millrock has any evidence to support these claims and if your client is going to continue to pursue these unsupported claims." *See* Woodwell Declaration attached hereto as **Exhibit I**. In response, counsel for Millrock sent an email on December 28, 2023, stating: "While I have looked through the bank records that have been produced, we anticipate serving written discovery in the near future and taking some depositions. In its March 5, 2023 Form 8-K that was filed with the SEC, HSMG publicly stated that almost $500K would be paid to Stuart McMahen, and that over $2.2M would be paid to Josh Constantin. We need to explore the bases for those representations in that 8-K and in the associated settlement agreements, and to find out what happened to the funds at issue. Millrock has the evidence/support contained in that 8-K and in the accompanying settlement agreements, and Millrock now needs to proceed with fact discovery." *See* Woodwell Declaration attached hereto as **Exhibit I**.

On January 24, 2024, counsel for Defendants sent a letter to counsel for Millrock that outlined the facts surrounding the negotiation and execution of the settlement agreements and Form 8-Ks. Defendants offered to provide declarations from Constantin and McMahen that they never received any payments pursuant to the settlement agreements. The January 24, 2024 letter concluded with the statement: "Please let us know what the position of Millrock would be if we provide these declarations. Specifically, will your client agree to dismiss the claims against Constantin and McMahen? If not, we will have no choice but to seek summary judgement and request the recovery of our attorneys fees." *See* Woodwell Declaration attached hereto as **Exhibit I**.

Notwithstanding Millrock's inability to produce supporting evidence, as well as being put on notice by Defendants' counsel, Millrock has continued to pursue its unfounded claims of voidable transfers against Defendants. The undisputed facts in this case warrant a finding that Millrock has not asserted and pursued these claims in good faith. An award of attorney's fees and costs to Defendants is appropriate.

## **CONCLUSION**

Based on the foregoing, the Court should enter summary judgment in favor of Constantin against Millrock on Millrock's voidable transfer claims against Constantin and award Constantin his reasonable attorney's fees and costs, including his own time, for having to defend against this action.

DATED May 28, 2025

/s/Joshua Constantin_____

Joshua Constantin, Defendant
Self-Represented
238 Solomon Dr
Building B
Slidell LA 70458
+1(212)380-1144
lcajosh1@gmail.com
