Gmail - 2:23-cv-00157-RJS-DAO - Millrocks Second Set of Discovery Propounded to Justin Smith

 Gmail

Josh Constantin <lcajosh1@gmail.com>

## 2:23-cv-00157-RJS-DAO - Millrocks Second Set of Discovery Propounded to Justin Smith

**Josh Constantin** <lcajosh1@gmail.com>                                          Mon, Apr 28, 2025 at 6:52 PM
To: John Keiter <john@keiterlaw.com>
Cc: justin.landes@gmail.com, stuart.w.mcmahen@gmail.com, "Bentley J. Tolk" <btolk@parrbrown.com>, "Rodger M. Burge" <rburge@parrbrown.com>

John,

Please find attached my response to the Millerock discovery.

These 3 sets of bank statements that I will be delivering to you, they have been ordered and should be in hand any day now.

Cheers
Josh Constantin
212-380-1144
[Quoted text hidden]

📄 **Objections to Discovery Request - Millrock.pdf**
161K

Defendant Joshua Constantin, proceeding pro se, submits the following responses and objections to Plaintiff Millrock Investment Fund 1, LLC's Interrogatories, Requests for Production of Documents, and Requests for Admission, pursuant to Federal Rules of Civil Procedure ("FRCP") 26, 33, and 34 as follows:

## GENERAL OBJECTION

Defendant Joshua Constantin asserts the following general objections to Plaintiff's discovery requests:

1. **Lack of Possession, Custody, or Control:**

Defendant Joshua Constantin unequivocally states he is no longer affiliated with Healthcare Solutions Management Group, Inc. ("HSMG"), Healthcare Solutions Holdings, Inc. ("HSH"), or any related subsidiaries or affiliates. Defendant separated from these entities in November 2023 and relinquished all corporate documents, records, and electronic devices to the company's bankruptcy trustee in March 2024. Therefore, Defendant does not possess, control, or have access to any responsive documents requested by Plaintiff.

- *See U.S. v. Int'l Union of Petroleum & Industrial Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (holding that "control" under FRCP 34 requires legal right or practical ability to obtain documents, not merely past association or employment).

- *Gen. Envtl. Sci. Corp. v. Horsfall*, 136 F.R.D. 130, 133 (N.D. Ohio 1991) (confirming that former employees do not possess control over company documents absent current rights or access).

2. **Burden, Harassment, and Lack of Proportionality:**

Defendant objects to Plaintiff's discovery requests as overly broad, unduly burdensome, and designed to harass, as they seek documents and information significantly beyond the relevant time frame and scope of Defendant's involvement. Plaintiff's requests encompass periods long after Defendant's involvement and demand materials from third-party entities beyond Defendant's current control, violating the proportionality standard required by Federal Rule of Civil Procedure 26(b)(1).

- *Lancia v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 5307115, at *7 (M.D. Fla. Sept. 10, 2015) (holding that overly broad and burdensome requests violate proportionality principles under Rule 26).

- *Roberts v. Clark County Sch. Dist.*, 312 F.R.D. 594, 603-604 (D. Nev. 2016) (confirming discovery must be proportional and not impose undue burden relative to the needs of the case).

3. **Duplicative and Unreasonable Requests:**

Defendant objects to requests seeking information already in Plaintiff's possession or available from publicly accessible sources, such as SEC filings, as duplicative, cumulative, and unreasonable.

- *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004) (affirming the denial of discovery requests that were cumulative or duplicative of information already available to requesting party).

- *Perez v. Aircom Mgmt. Corp.*, 2012 WL 681178, at *1 (S.D. Fla. Mar. 2, 2012) (denying duplicative discovery requests where documents were publicly available or already accessible).

4. **Limited Scope of Involvement:**

Defendant's obligation to respond is strictly limited to the period of his active involvement and employment. Defendant ceased all involvement with HSMG and related entities in 2023. All records, documents, or materials were turned over to the company's bankruptcy trustee, and Defendant has no current access to any such corporate records or communications following his departure.

- *In re Citric Acid Litig.*, 191 F.3d 1090, 1107-08 (9th Cir. 1999) (limiting discovery obligations to the period of a party's involvement and control).

- *Clark v. Vega Wholesale Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998) (stating clearly that former employees have no ongoing duty to maintain or retrieve documents outside their period of employment).

5. **No Continuing Obligation:**

Defendant affirms that all corporate property, records, electronic devices, emails, and documents in his possession were surrendered to the company's bankruptcy trustee. Consequently, Defendant has no ongoing duty or capability to produce documents or information created, received, or maintained post-separation from the entities.

- *Ayers v. Continental Cas. Co.*, 240 F.R.D. 216, 224 (N.D.W. Va. 2007) (recognizing former employees have no duty or obligation to retain or retrieve documents following termination).

- *Am. Maplan Corp. v. Heilmayr*, 203 F.R.D. 499, 502 (D. Kan. 2001) (confirming former employees lack the obligation or legal ability to produce documents surrendered upon departure).

6. **FRCP 34 Objection – Lack of Control:**

Defendant specifically objects under FRCP 34, emphasizing that "control" is defined as having a legal right or practical ability to obtain documents. Defendant does not possess such rights or abilities following his separation from HSMG, HSH, and related entities.

- *U.S. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d at 1452 (requiring "legal right or practical ability" to obtain documents, not mere past association).

- *Wi-LAN, Inc. v. Kilpatrick Townsend & Stockton LLP*, 684 F.3d 1364, 1369 (Fed. Cir. 2012) ("control" under Rule 34 implies a current, enforceable right to obtain documents).

- *Huang v. Cont'l Tire the Americas, LLC*, 2011 WL 2620987, at *3 (E.D. Mich. July 5, 2011) (holding that the burden of establishing "control" is on the requesting party, which must demonstrate more than past access or association).

Plaintiff has failed to demonstrate Defendant's control or ability to obtain the requested documents, thus relieving Defendant from any obligation under FRCP 34.

Plaintiff's arguments rely on a self-serving and misleading interpretation of language and documents that appear to be the basis for Plaintiff's leap to erroneous conclusions. These distortions led Plaintiff to file this lawsuit without a factual foundation or evidence of any transfer. As such, Plaintiff's discovery demands—like its underlying claims—lack factual support and should be viewed with skepticism.

Defendant respectfully submits these objections and reserves the right to assert additional objections should further discovery abuses occur.

**SPECIFIC RESPONSES**

**INTERROGATORIES**

**RESPONSE TO INTERROGATORY NO. 1:** Defendant Joshua Constantin objects to the Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant to the claims or defenses in this matter. As established by the Supreme Court in *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), discovery is limited to information that is relevant and reasonably calculated to lead to the discovery of admissible evidence. The Plaintiff's request for information identifying every business entity in which Defendant has had an ownership interest, whether direct or indirect, is irrelevant to the claims at issue and far exceeds the permissible scope of discovery.

The legal dispute at issue is whether a payment required under a settlement agreement executed on or around March 17, 2023, was made. The relevant time frame for discovery is therefore limited to the period directly surrounding that alleged payment and does not extend to a comprehensive review of every business entity Defendant has ever owned, either directly or indirectly. Such a request is not only irrelevant to the underlying allegations, but it also imposes an undue burden on Defendant by compelling him to produce a wide range of information wholly unrelated to the matter at hand. As courts have made clear, discovery should be proportional and limited to matters bearing on the claims or defenses in the case. See *Curtis v. Metro Ambulance Serv., Inc.*, 982 F. Supp. 478, 481 (E.D. La. 1997); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

In light of the foregoing, Defendant objects to this interrogatory as overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

In light of the patently overbroad nature of this request and its lack of relevance to the actual claims, Defendant will request that this Court consider issuing sanctions against Plaintiff and opposing counsel. The persistent pursuit of irrelevant and unduly burdensome information demonstrates an improper purpose and constitutes bad faith under Rule 37 of the Federal Rules of Civil Procedure. Sanctions are warranted to deter future conduct of this nature and to compensate Defendant for the unnecessary time and expense incurred as a result of these improper discovery tactics.

WHEREFORE, Defendant respectfully declines to produce the requested information identifying every business entity in which Defendant has had an ownership interest, whether direct or indirect,

from January 1, 2018, through July 31, 2024, and requests that this Court issue appropriate sanctions against Plaintiff and opposing counsel.

However, subject to and without waiving this objection, Defendant states that during the relevant time period, the relevant business entities in which he held an ownership interest were as follows:

1. **Healthcare Solutions Management Group, Inc., ownership of which was held through Black Label Services, Inc., a company Defendant owned.**

Defendant maintains that these entities are the only business entities relevant to the claims and defenses in this matter, and objects to providing information concerning any additional entities outside of the relevant time frame.

**RESPONSE TO INTERROGATORY NO. 2:** Defendant Joshua Constantin objects to the Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant to the claims or defenses in this matter. The request for identification of every business entity in which Defendant has served as an officer, director, legal counsel, manager, managing member, or managing partner—spanning a period from January 1, 2018, through the present—extends far beyond the scope of discovery permissible under the Federal Rules of Civil Procedure.

This legal dispute is limited to whether a payment under a settlement agreement executed on or around March 17, 2023, was made. Discovery must remain proportional to the needs of the case, focusing on the issues and evidence directly relevant to that claim. See *Fed. R. Civ. P. 26(b)(1)*; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (discovery is limited to information that is "reasonably calculated to lead to the discovery of admissible evidence"). The broad, open-ended demand for a list of all positions held at every business entity—regardless of ownership—over a six-year period is wholly unrelated to the matter at hand.

Courts have routinely held that such expansive, irrelevant requests impose undue burdens and are improper. For example, in *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016), the court rejected discovery requests that sought extensive information about corporate positions and financial details that bore no relevance to the specific claims at issue. Similarly, in *Cahaly v. Benistar Prop. Exch. Tr. Co.*, 2009 WL 385546, at *4 (D. Mass. Feb. 13, 2009), the court denied discovery demands that were excessively broad and unrelated to the matters being litigated. Additional authority, such as *Curtis v. Metro Ambulance Serv., Inc.*, 982 F. Supp. 478, 481 (E.D. La. 1997), reinforces that discovery is not intended to be used as a fishing expedition and should be tailored to the issues in the case.

Defendant further objects to the temporal scope of this interrogatory. The settlement agreement at issue was executed in March 2023, and the only time period relevant to whether the alleged payment was made is that immediate timeframe. The request to disclose every role Defendant has held at any business entity for more than six years exceeds the proportional needs of the case, as articulated in *Hickman v. Taylor*, 329 U.S. 495, 507 (1947), and fails to meet the standards for discovery under *Fed. R. Civ. P. 26(b)(1)*.

In light of the foregoing, Defendant objects to this interrogatory as overbroad, unduly burdensome, and irrelevant to the claims or defenses in this case. Subject to and without waiving these objections, Defendant provides the following information:

- **At the time of, entering into the settlement agreement, Defendant was the head of commercial real estate for Healthcare Solutions Management Group and the President of Black Label Services, Inc.**

Defendant Joshua Constantin will respectfully request the Court for sanctions under Rule 37 of the Federal Rules of Civil Procedure, against Plaintiff Millrock Investment Fund 1, LLC and its counsel. This motion arises from Plaintiff's continued pursuit of interrogatories with a temporal scope so broad as to be entirely unrelated to the claims at issue, imposing undue burden, expense, and delay on Defendant.

Plaintiff's persistent demands for information beyond the relevant timeframe are unjustified and abusive. Courts have routinely rejected overly broad discovery requests that lack relevance or proportionality. For example, in In re Seroquel Products Liability Litigation, 244 F.R.D. 650, 656 (M.D. Fla. 2007), the court denied requests with a temporal scope that was not proportional to the case's needs. Similarly, in Doe v. District of Columbia, 231 F.R.D. 27, 36-37 (D.D.C. 2005), the court considered sanctions against counsel who propounded discovery requests that created undue burden without advancing the case's merits.

By making demands for information dating back years before and after the settlement agreement's execution, Plaintiff's counsel has acted in bad faith, prolonging litigation and inflating Defendant's costs. These tactics are not only burdensome but also intended to harass Defendant and gain leverage through irrelevant and invasive discovery. As outlined in Chambers and Piper, sanctions are appropriate where such discovery abuses occur.

**RESPONSE TO INTERROGATORY NO. 3:** Defendant Joshua Constantin objects to the Interrogatory to the extent that it seeks information beyond Defendant's control, custody, or possession. Additionally, Defendant objects to the request for account numbers as overly broad, unduly burdensome, and invasive, particularly given that relevant bank records for the time period surrounding the settlement agreement have already been produced.

Without waiving these objections, Defendant responds as follows:

- **Black Label Services, Inc. has never maintained a bank account.**

- **All financial records for Healthcare Solutions Management Group, Inc., and its subsidiaries were turned over to the bankruptcy trustee in March of 2024. Defendant no longer has access to those records and therefore cannot provide any additional information regarding accounts maintained by Healthcare Solutions Management Group, Inc. or its subsidiaries since January 1, 2018.**

**RESPONSE TO INTERROGATORY NO. 4:** Defendant Joshua Constantin objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case. Specifically, the request for all bank, investment, brokerage, and similar accounts accessible since January 1, 2014—nearly a decade of financial information—has no bearing on the claims or defenses in this matter. Courts have consistently held that discovery must be proportional to the issues in dispute and reasonably calculated to lead to admissible evidence. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016); *Cahaly v. Benistar Prop. Exch. Tr. Co.*, 2009 WL 385546, at *4 (D. Mass. Feb. 13, 2009).

The defendant further objects to the disclosure of personal financial accounts over such an extensive time frame, as this request is invasive and seeks information irrelevant to the allegations at issue—namely, the alleged payment required under a settlement agreement executed on or around March 17, 2024. Defendant has already provided all relevant financial information within the appropriate timeframe surrounding the settlement agreement.

Without waiving these objections, Defendant states that he had three bank accounts relevant to the time period of the settlement agreement. The defendant will produce statements for that account for the months of March and April 2023.

Defendant Joshua Constantin will respectfully requests that the Court award him his reasonable legal and court fees incurred as a result of Plaintiff Millrock Investment Fund 1, LLC's discovery abuses. Plaintiff's repeated attempts to propound interrogatories that are overly broad, irrelevant, and unduly burdensome have caused Defendant to expend significant time and resources responding to improper requests. Such conduct not only undermines the efficient resolution of this case but also imposes unnecessary legal expenses on Defendant, warranting fee-shifting to prevent further abuses.

**Legal Authority Supporting Award of Fees**

The Federal Rules of Civil Procedure, as interpreted by federal case law, provide courts the authority to award legal fees and costs when a party's discovery conduct is unjustified, in bad faith, or unnecessarily increases the litigation's cost. In particular:

1. **Malautea v. Suzuki Motor Co., 987 F.2d 1536 (11th Cir. 1993)**: The court awarded sanctions, including attorneys' fees, against counsel who pursued improper discovery tactics in bad faith. This precedent supports shifting the financial burden to the party responsible for abusive discovery practices.

2. **McHugh v. Olympia Entertainment, Inc., 37 F. App'x 730 (6th Cir. 2002)**: The court affirmed an award of attorneys' fees when one party's unreasonable litigation conduct unnecessarily multiplied proceedings and increased the opposing party's expenses.

3. **Devaney v. Continental Am. Ins. Co., 989 F.2d 1154 (11th Cir. 1993)**: The Eleventh Circuit held that attorneys' fees are appropriate when a party's discovery behavior lacks substantial justification, providing a clear basis for fee-shifting in cases where one party's conduct imposes undue burdens.

4. **Fujitsu Ltd. v. Federal Express Corp., 247 F.3d 423 (2d Cir. 2001)**: The court ruled that attorneys' fees may be awarded where unreasonable discovery demands require the opposing party to incur additional legal costs, reinforcing the principle that fee awards are justified by unnecessary litigation expenses.

5. **Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332 (11th Cir. 2002)**: The court upheld an award of fees and costs when one party's unreasonable discovery conduct caused significant additional expense, confirming that courts may shift costs to deter similar conduct and ensure fairness.

**RESPONSE TO INTERROGATORY NO. 5:** Defendant Joshua Constantin objects to this Interrogatory to the extent it seeks information that is overly broad, unduly burdensome, and not proportional to the needs of the case. Courts have repeatedly held that discovery must be tailored to the issues at hand and not serve as a fishing expedition. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016).

Without waiving these objections, Defendant responds that he is not a trustor/grantor, trustee, or beneficiary of any trust.

**RESPONSE TO INTERROGATORY NO. 6:** Defendant Joshua Constantin objects to this Interrogatory to the extent that it seeks information that is overly broad, unduly burdensome, and not proportional to the needs of the case. As Defendant is not a trustor/grantor, trustee, or beneficiary of any trust, as previously stated in response to Interrogatory No. 5, there are no responsive financial institutions or account numbers to identify.

Without waiving this objection, Defendant states that no trust accounts are relevant or applicable to this response.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant Joshua Constantin objects to this Interrogatory to the extent that it seeks information that is irrelevant and not proportional to the needs of the case. Furthermore, Defendant states that he has never had any jobs, positions, titles, or roles with Healthcare Solutions Management, Inc., and therefore has no responsive information to provide.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant Joshua Constantin states that he held the following positions with Healthcare Solutions Holdings Inc. and served in these roles during the corresponding time periods:

1.   Comptroller: Dates of service not presently available.

2.   Head of Commercial Real Estate: Dates of service not presently available.

3.   CEO: Late March  of 2023, Appointed after the company defaulted on the settlement agreement owed to Defendant. Despite attempts to recover the amounts owed, these efforts were unsuccessful, and Defendant resigned after approximately six months.

Defendant is not aware of any other jobs, positions, titles, or roles held with Healthcare Solutions Holdings Inc.

**RESPONSE TO INTERROGATORY NO. 9:** Defendant objects to this Interrogatory to the extent it seeks information that is overly broad and not proportional to the needs of the case. Subject to and without waiving these objections, Defendant responds as follows:

For each Request for Admission where Defendant's response is something other than an unqualified admission, Defendant provides the following reasonable description of the supporting facts:

1.   **Creditor Relationship:** Defendant is a creditor of Healthcare Solutions Holdings, Inc., due to the company's default on a payment owed under the settlement agreement. The payment was never made, despite Defendant's efforts to collect the amount owed.

2. **Personal Knowledge and Documentation:** Defendant's responses are based on his personal knowledge of the settlement agreement, his role as a creditor, and the fact that no evidence or documentation supports Plaintiff's allegations that the payment was made.

3. **Efforts to Collect:** Defendant was appointed CEO of Healthcare Solutions Holdings, Inc. after the company defaulted, in an attempt to recover the money owed to him. These collection efforts ultimately failed, and Defendant resigned after six months.

Defendant clarifies that the monies owed to him by Healthcare Solutions Holdings, Inc. were for back pay and wages. Defendant, therefore, is a creditor of Healthcare Solutions Holdings, Inc. Moreover, Plaintiff Millrock Investment Fund 1, LLC does not hold a creditor position; rather, Plaintiff owes money to Healthcare Solutions Holdings, Inc. The Defendant asserts that the present lawsuit filed by Plaintiff appears designed to improperly circumvent or offset the amounts Plaintiff owes to Healthcare Solutions Holdings, Inc., and is an attempt to avoid fulfilling its own payment obligations to the company.

Thus, Defendant's denial or qualification of responses to Requests for Admission is supported by Defendant's knowledge that no payment was ever made to him under the settlement agreement, combined with the fact that Plaintiff itself is a debtor, rather than a creditor, of Healthcare Solutions Holdings, Inc.

These facts support Defendant's position and provide a reasonable basis for responses that are not unqualified admissions.

Defendant is going to respectfully request that the Court award sanctions against Plaintiff Millrock Investment Fund 1, LLC and its counsel pursuant to Rule 37 of the Federal Rules of Civil Procedure and this Court's inherent powers, due to Plaintiff's improper conduct, including submitting overly broad and irrelevant discovery requests, pursuing frivolous claims, and misusing discovery procedures in bad faith.

Federal courts routinely award sanctions in similar circumstances:

1. **Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)**: Affirming courts' inherent authority to impose sanctions against litigants and counsel who conduct litigation in bad faith or for improper purposes, such as harassment or needless delay.

2. **Roadway Express, Inc. v. Piper, 447 U.S. 752, 763-65 (1980)**: Confirming that sanctions, including attorneys' fees, may be imposed when a party's discovery actions unnecessarily burden the opposing party or prolong litigation.

3. **Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991)**: Upholding sanctions where parties and counsel abused discovery processes and pursued litigation tactics that unjustifiably increased costs and prolonged proceedings.

4. **Gorelik v. Costin, 605 F.3d 118, 123-24 (1st Cir. 2010)**: Affirming sanctions when discovery demands were clearly intended to harass or intimidate rather than genuinely uncover relevant information, constituting bad-faith litigation conduct.

5. **DL v. District of Columbia, 274 F.R.D. 320, 324-25 (D.D.C. 2011)**: Awarding sanctions where plaintiff's overly broad discovery requests amounted to harassment and imposed unjustified expenses on the opposing party.

Plaintiff's repeated attempts to demand irrelevant and intrusive financial information over extensive and unrelated time periods have unnecessarily complicated and prolonged this litigation, creating undue financial burden for Defendant. Such tactics are plainly improper, demonstrating bad faith and warranting sanctions to deter future abuses.

Therefore, Defendant respectfully seeks that the Court issue sanctions against Plaintiff and Plaintiff's counsel, awarding Defendant his reasonable attorneys' fees and litigation costs incurred as a direct result of Plaintiff's abusive discovery conduct, and any further relief the Court deems just and proper.

**RESPONSE TO INTERROGATORY NO. 10:** Defendant Joshua Constantin objects to this Interrogatory to the extent it seeks information beyond his possession, custody, or control, and further objects as overly broad and unduly burdensome.

Without waiving these objections, Defendant states that he does not currently have access to or possession of information regarding subsidiaries of Healthcare Solutions Management Group, Inc. ("HSMG") or entities over which HSMG exercised substantial control during the period from January 1, 2018, through the present. All relevant records and information relating to such subsidiaries and entities were surrendered to the bankruptcy trustee in March of 2024, and Defendant no longer has access to or control over these records or data.

**RESPONSE TO INTERROGATORY NO. 11:** Defendant Joshua Constantin objects to this Interrogatory to the extent it seeks information beyond his possession, custody, or control, and further objects as overly broad and unduly burdensome.

Without waiving these objections, Defendant states that he does not currently possess or have access to information regarding subsidiaries of Healthcare Solutions Holdings, Inc. ("HSH") or any entities over which HSH exercised substantial control at any time from January 1, 2018, through the present. Defendant no longer has access to or control over these records or information, as any relevant records were previously surrendered to the bankruptcy trustee in March of 2024.

**RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Defendant Joshua Constantin objects to this Request to the extent it seeks documents and information that are not within his possession, custody, or control. Defendant further objects to this Request as overly broad and unduly burdensome.

Subject to and without waiving these objections, Defendant states that he does not possess, control, or have access to the general ledgers, profit and loss statements, income statements, balance sheets, cash flow statements, annual audited financials, or annual reports of Healthcare Solutions Management Group, Inc. ("HSMG") from January 1, 2018, through the present. All such financial records were previously surrendered to the bankruptcy trustee in March of 2024. Defendant therefore has no responsive documents to produce.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Defendant Joshua Constantin objects to this Request to the extent it seeks documents and information that are not within his possession, custody, or control. Defendant further objects to this Request as overly broad and unduly burdensome.

Subject to and without waiving these objections, Defendant states that he does not possess, control, or have access to the general ledgers, profit and loss statements, income statements, balance sheets, cash flow statements, annual audited financials, or annual reports of Healthcare Solutions Management Group, Inc. ("HSMG") from January 1, 2018, through the present. All such financial records were previously surrendered to the bankruptcy trustee in March of 2024. Defendant therefore has no responsive documents to produce.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Defendant Joshua Constantin objects to this Request to the extent it seeks documents and information that are not within his possession, custody, or control. Defendant further objects to this Request as overly broad and unduly burdensome.

Subject to and without waiving these objections, Defendant states that he does not possess, control, or have access to the general ledgers, profit and loss statements, income statements, balance sheets, cash flow statements, annual audited financials, or annual reports of Healthcare Solutions Management Group, Inc. ("HSMG") from January 1, 2018, through the present. All such financial records were previously surrendered to the bankruptcy trustee in March of 2024. Defendant therefore has no responsive documents to produce.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Defendant Joshua Constantin objects to this Request to the extent it seeks documents and information that are not within his possession, custody, or control. Defendant further objects to this Request as overly broad and unduly burdensome.

Subject to and without waiving these objections, Defendant states that he does not possess, control, or have access to the general ledgers, profit and loss statements, income statements, balance sheets, cash flow statements, annual audited financials, or annual reports of Healthcare Solutions Management Group, Inc. ("HSMG") from January 1, 2018, through the present. All such financial records were previously surrendered to the bankruptcy trustee in March of 2024. Defendant therefore has no responsive documents to produce.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Defendant Joshua Constantin objects to this Request to the extent it seeks documents and information that are not within his possession, custody, or control. Defendant further objects to this Request as overly broad and unduly burdensome.

Subject to and without waiving these objections, Defendant states that he does not possess, control, or have access to the general ledgers, profit and loss statements, income statements, balance sheets, cash flow statements, annual audited financials, or annual reports of Healthcare Solutions Management Group, Inc. ("HSMG") from January 1, 2018, through the present. All such financial records were previously surrendered to the bankruptcy trustee in March of 2024. Defendant therefore has no responsive documents to produce.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Defendant Joshua Constantin objects to this Request to the extent it seeks documents and information that are not within his possession, custody, or control. Defendant further objects to this Request as overly broad and unduly burdensome.

Subject to and without waiving these objections, Defendant states that he does not possess, control, or have access to the general ledgers, profit and loss statements, income statements, balance sheets, cash flow statements, annual audited financials, or annual reports of Healthcare Solutions Management Group, Inc. ("HSMG") from January 1, 2018, through the present. All such financial records were previously surrendered to the bankruptcy trustee in March of 2024. Defendant therefore has no responsive documents to produce.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Defendant Joshua Constantin objects to this Request to the extent it seeks documents and information that are not within his possession, custody, or control. Defendant further objects to this Request as overly broad and unduly burdensome.

Subject to and without waiving these objections, Defendant states that he does not possess, control, or have access to the general ledgers, profit and loss statements, income statements, balance sheets, cash flow statements, annual audited financials, or annual reports of Healthcare Solutions Management Group, Inc. ("HSMG") from January 1, 2018, through the present. All such financial records were previously surrendered to the bankruptcy trustee in March of 2024. Defendant therefore has no responsive documents to produce.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Defendant Joshua Constantin objects to this Request to the extent it seeks documents or information outside of Defendant's possession, custody, or control. Subject to and without waiving this objection, Defendant states that he does not have in his possession, custody, or control any correspondence, communications, or documents between Healthcare Solutions Management Group, Inc. ("HSMG") and himself, and/or between Healthcare Solutions Holdings, Inc. ("HSH") and himself, regarding the Alleged Transfers and Settlement Agreements. Defendant therefore has no responsive documents to produce.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** Defendant Joshua Constantin objects to this Request to the extent it seeks documents or information not within his possession, custody, or control.

Subject to and without waiving this objection, Defendant states that he does not have in his possession, custody, or control any correspondence, communications, or documents of any kind between Healthcare Solutions Management Group, Inc. ("HSMG") and McMahen, and/or between Healthcare Solutions Holdings, Inc. ("HSH") and McMahen, regarding the Alleged Transfers and Settlement Agreements. Defendant therefore has no responsive documents to produce.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** Defendant Joshua Constantin objects to this Request to the extent it seeks documents or information not within his possession, custody, or control.

Subject to and without waiving this objection, Defendant states that he does not have in his possession, custody, or control any correspondence, communications, or documents of any kind between Healthcare Solutions Management Group, Inc. ("HSMG") and/or Healthcare Solutions Holdings, Inc. ("HSH"), on the one hand, and Emannuel Butera and/or American Development Partners ("ADP"), on the other. Accordingly, Defendant has no responsive documents to produce.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Defendant Joshua Constantin objects to this Request to the extent it seeks documents or communications not within his possession, custody, or control.

Subject to and without waiving this objection, Defendant states that he does not have in his possession, custody, or control any correspondence, communications, or documents of any kind between himself, on the one hand, and Emannuel Butera and/or American Development Partners ("ADP"), on the other. Accordingly, Defendant has no responsive documents to produce.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant Joshua Constantin objects to this Request to the extent it seeks documents or communications not within his possession, custody, or control.

Subject to and without waiving this objection, Defendant states that he does not have in his possession, custody, or control any correspondence, communications, or documents of any kind between McMahen, on the one hand, and Emannuel Butera and/or American Development Partners ("ADP"), on the other. Accordingly, Defendant has no responsive documents to produce.

**RESPONSE TO REQUESTS FOR ADMISSION**

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:** Denied. Defendant Joshua Constantin expressly denies that he had substantial control—or any control—over Healthcare Solutions Management Group, Inc. ("HSMG") at the time he and McMahen secured judgments against HSMG and Healthcare Solutions Holdings, Inc. ("HSH"). This allegation is false and entirely without factual support. Defendant had no involvement in or control over the operations or decision-making of HSMG during that time.

Further, Exhibit H to Constantin and McMahen's Motion for Summary Judgment—cited by Plaintiff in this Request—in fact supports the absence of control by Constantin and McMahen and directly contradicts the claim made by Plaintiff. Plaintiff's reliance on this document to assert control is misleading and represents a blatant attempt by opposing counsel to mischaracterize the factual record before the Court.

Moreover, HSMG underwent formal bankruptcy proceedings, during which the bankruptcy trustee conducted a comprehensive review of the company's financial dealings and creditor claims. The trustee found no evidence of preferential treatment toward Defendant Constantin, no indication of fraudulent transfers, and no basis for any clawback or debt cancellation relating to funds owed to

Constantin. These findings further refute Plaintiff's claim and confirm that Defendant acted properly and without any improper influence or control over HSMG.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:** Denied. Defendant Joshua Constantin expressly denies that he had substantial control—or any control—over Healthcare Solutions Management Group, Inc. ("HSMG") at the time he and McMahen secured judgments against HSMG and Healthcare Solutions Holdings, Inc. ("HSH"). This allegation is false and entirely without factual support. Defendant had no involvement in or control over the operations or decision-making of HSMG during that time.

Further, Exhibit H to Constantin and McMahen's Motion for Summary Judgment—cited by Plaintiff in this Request—in fact supports the absence of control by Constantin and McMahen and directly contradicts the claim made by Plaintiff. Plaintiff's reliance on this document to assert control is misleading and represents a blatant attempt by opposing counsel to mischaracterize the factual record before the Court.

Moreover, HSMG underwent formal bankruptcy proceedings, during which the bankruptcy trustee conducted a comprehensive review of the company's financial dealings and creditor claims. The trustee found no evidence of preferential treatment toward Defendant Constantin, no indication of fraudulent transfers, and no basis for any clawback or debt cancellation relating to funds owed to Constantin. These findings further refute Plaintiff's claim and confirm that Defendant acted properly and without any improper influence or control over HSMG.

**RESERVATION OF RIGHTS**

Pursuant to Federal Rule of Civil Procedure 26(g), these responses are made in good faith after reasonable inquiry. Defendant reserves all rights to supplement, amend, or otherwise modify these responses.

**SANCTIONS**

Defendant Joshua Constantin is respectfully requesting the Court to impose sanctions against Plaintiff Millrock Investment Fund 1, LLC and its counsel pursuant to **Federal Rule of Civil Procedure 37(a)(5), 26(g)(3), and the Court's inherent powers**. This request is based on Plaintiff's bad-faith litigation conduct, including:

- Initiating this lawsuit without factual support;

- Mischaracterizing the record;

- Propounding abusive, irrelevant, and disproportionate discovery requests; and

- Engaging in a pattern of litigation tactics aimed at harassment, not truth-seeking.

**I. BACKGROUND**

Plaintiff filed this lawsuit based on the false premise that Defendant Joshua Constantin received payment under a settlement agreement executed on or around March 17, 2023. In fact, no payment was ever made. Plaintiff has not produced a shred of admissible evidence indicating any such

transfer occurred. To the contrary, all available documents—including financial statements provided by Defendant—confirm the payment was never made.

Plaintiff's claims are premised on a **self-serving and misleading interpretation** of language and documents, including "Exhibit H" to Defendant's own Motion for Summary Judgment, which in fact **supports the absence of control** by Defendant over Healthcare Solutions Management Group, Inc. ("HSMG") at the time of the judgments in question. Nevertheless, Plaintiff continues to assert that Defendant "controlled" HSMG during that period—a claim that is false, unsupported, and **directly contradicted by the evidentiary record and bankruptcy trustee's findings**.

Additionally, HSMG has undergone formal **bankruptcy proceedings**, during which the **bankruptcy trustee found no evidence** of preferential transfers, fraudulent conveyances, or clawback-worthy payments involving Constantin. These findings should have ended any further inquiry. Instead, Plaintiff has aggressively pursued overbroad and irrelevant discovery requests that clearly exceed the scope of any legitimate claims or defenses.

## II. GROUNDS FOR SANCTIONS

### A. Frivolous and Unsupported Claims

Plaintiff initiated this case **without factual foundation**, misusing the legal process to reverse-engineer claims that are contradicted by both documentary evidence and judicial findings from related bankruptcy proceedings.

- *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991): Courts have inherent authority to sanction parties who act in bad faith by abusing judicial process or filing baseless claims.

- *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991): Sanctions upheld where plaintiffs filed a lawsuit "without evidence to support their claims."

### B. Discovery Abuse and Disproportionate Requests

Plaintiff has propounded numerous discovery requests seeking information spanning **2014 to the present**, including demands for every business affiliation, bank account, trust, and communication Defendant has had—even long after Defendant left HSMG and HSH.

These requests violate **Rule 26(b)(1)** by seeking information far outside the relevant timeframe and have **no relation to the limited factual dispute** (i.e., whether Defendant was paid under the 2024 settlement agreement).

- *Roberts v. Clark Cty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016): Discovery must be relevant and proportional; excessive requests may warrant sanctions.

- *Lancia v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 5307115 (M.D. Fla. 2015): Overbroad requests justified cost-shifting and sanctions under Rule 26.

### C. Lack of Control Under Rule 34

Plaintiff continues to demand records from third-party entities (HSMG, HSH, Landes Capital, and Compagnie), even though Defendant was terminated from these entities in 2022–2023 and no longer has **possession, custody, or control** over their records.

- *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450 (9th Cir. 1989): The burden is on the requesting party to prove control.

- *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2005 WL 3618318 (S.D.N.Y. 2005): Mere past association is not enough to establish Rule 34 control.

- *Goldberg v. Blue Ridge Farms, Inc.*, 2005 WL 6124284 (D. Utah 2005): Control requires a current legal right or practical ability to obtain documents.

Plaintiff has **not provided any evidence** that Defendant has such access, and thus has no basis to compel further production.

### D. Duplicative, Harassing, and Cumulative Discovery

Plaintiff has demanded production of records that are either (a) already in its possession, (b) available via public filings, or (c) created years after the events in question.

- *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812 (5th Cir. 2004): Denying discovery where it would merely duplicate existing materials.

- *DL v. District of Columbia*, 274 F.R.D. 320, 325 (D.D.C. 2011): Sanctions appropriate where discovery tactics reflect harassment or bad faith.

### III. REQUESTED RELIEF

In light of the above, Defendant respectfully requests the following relief:

1. **Monetary Sanctions** under FRCP 37(a)(5) and/or the Court's inherent authority, in the form of attorneys' fees and costs incurred in responding to Plaintiff's improper discovery;

2. An **order striking improper or noncompliant discovery requests** and barring further discovery into topics outside the scope of this litigation;

3. A formal **admonishment or warning to Plaintiff's counsel** against further misuse of judicial process;

4. **Any further relief** this Court deems just and proper to protect Defendant's rights and deter ongoing abuse of the litigation process.

Plaintiff's misuse of the discovery process, factual distortions, and baseless claims reflect not mere overzealousness, but calculated bad faith. Sanctions are not only warranted—they are essential to protect the integrity of the proceedings and compensate Defendant for the undue burden imposed.

Respectfully submitted,

Signature Page to Follow

DATED April 28, 2025

/s/Joshua Constantin_____

Joshua Constantin, Defendant

Self-Represented

238 Solomon Dr

Building B

Slidell, LA 70458

Telephone: +1(212)380-1144

Email: Josh@gulfshoresltd.com