IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; JUSTIN SMITH; STUART MCMAHEN; AND BLACK LABEL SERVICES, INC.<br><br>  Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>2:23-cv-00157-RJS-DAO<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the Court is Defendant Joshua Constantin's Motion for Summary Judgment, Sanctions, and Attorney Fees.[1] As this court previously found, Millrock Investment Fund 1, LLC (Millrock) "is entitled to wait under the end of fact-discovery to properly oppose summary judgment."[2] Because fact discovery is ongoing, the Motion is DENIED without prejudice.

## BACKGROUND

This case concerns $2,235,923 paid by Defendant Healthcare Solutions Management Group, Incorporated (HSMG) to its former employee Constantin under a settlement agreement.[3]

---

[1] Dkt. 160, *Request for Summary Judgment, Sanctions, and Attorney Fees* (*Motion*).

[2] Dkt. 146, *Memorandum Decision and Order* (*Order*).

[3] Dkt. 28, *Second Amended Complaint and Jury Demand* (*Complaint*) ¶ 77.

1

Millrock alleges HSMG made this settlement payment to avoid paying debt owed to Millrock and brings this action against Constantin for Voidable Transfer.[4]

Constantin answered Millrock's Complaint on July 17, 2023.[5] Prior to the close of fact-discovery, Constantin and Defendant McMahen filed a Joint Motion for Summary Judgment.[6] Millrock sought to defer any ruling on that motion until after the completion of discovery in accordance with Federal Rule of Civil Procedure 56(d).[7] The court granted Millrock's request and denied the Motion for Summary Judgment without prejudice.[8] The court instructed Constantin that he may resubmit a motion for summary judgment after fact discovery concludes.[9] Fact discovery between Millrock and Constantin remains ongoing.[10]

Constantin has filed another Motion for Summary Judgment on Millrock's claim for Voidable Transfer.[11] The Motion is fully briefed and ripe for review.[12]

## ANALYSIS

The court first considers whether summary judgment is appropriate and then considers whether Constantin is entitled to attorney fees and costs.

---

[4] *Id.* ¶¶ 113–20.

[5] Dkt. 47, *Answer to Second Amended Complaint and Jury Demand*.

[6] Dkt. 95, *Defendants Joshua Constantin and Stuart McMahen's Motion for Summary Judgment*.

[7] Dkt. 123, *Rule 56(d) Motion to Defer or Deny Defendants Joshua Constantin and Stuart McMahen's Motion for Summary Judgment*.

[8] *Order*.

[9] *Id.* at 1.

[10] *See* Dkt. 172, *Short Form Discovery Motion for Sanctions Against Joshua Constantin*; Dkt. 174, *Defendant Joshua Constantin's Motion for Protective Order Under Rule 26(c)*.

[11] *Motion*.

[12] *Id.*; Dkt. 170, *Opposition to Defendant Joshua Constantin's Request for Summary Judgment, Sanctions, and Attorney's Fees*; Dkt. 171, *Defendant Joshua Constantin's Reply Memorandum in Support of His Motion for Summary Judgment*.

**I.   Millrock is entitled to wait until the end of fact discovery to properly oppose summary judgment.**

As this court previously concluded, "Millrock is entitled to wait until the end of fact-discovery to properly oppose summary judgment."[13]  Since that decision, Millrock has actively and diligently pursued discovery.  On March 21, 2025, Millrock moved for an order compelling Constantin to respond to discovery,[14] which the court granted in relevant part on May 7, 2025.[15]  On July 25, 2025, Millrock renewed its short form discovery motion for sanctions against Constantin for his alleged "complete dereliction in responding to discovery."[16]  On July 28, 2025, Constantin moved for a protective order under Rule 26(c).[17]  Both Motions are currently pending before the court.  Since fact discovery remains ongoing, Constantin's Motion for Summary Judgment is premature.  The court will therefore deny it.

**II.   Constantin is not entitled to attorney fees and costs.**

Constantin also seeks attorney fees and all other costs incurred in defending this action.[18]  Constantin argues he is entitled to fees and costs under a Utah statute that provides, "In civil actions, the court shall award reasonable attorney fees to a prevailing party if the court determines that the action or defense to the action was without merit and not brought or asserted in good faith."[19]  But, given the court has denied his Motion for Summary Judgment, Constantin

---

[13] *Order.*

[14] Dkt. 150, *Short Form Discovery Motion to Compel Discovery and for Sanctions*.

[15] Dkt. 152, *Memorandum Decision and Order Granting in Part and Denying in Part Plaintiff's Short Form Discovery Motion to Compel Discovery and for Sanctions.*

[16] *Renewed Short Form Discovery Motion for Sanctions Against Joshua Constantin.*

[17] *Defendant Joshua Constantin's Motion for Protective Order Under Rule 26(c)*.

[18] *Motion* at 11–14.

[19] Utah Code § 78B-5-825 (2022).

has not yet prevailed in this action.  Consequently, his request for attorney fees and costs is denied.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment, Attorneys Fees, and Sanctions is DENIED without prejudice.[20]  If appropriate, Constantin may refile a motion for summary judgment once fact discovery concludes.[21]

SO ORDERED this 3rd day of September 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
Chief United States District Judge

---

[20] Dkt. 160.

[21] A party opposing a motion for summary judgment under Federal Rule of Civil Produce Rule 56(d) must do so by motion pursuant to Local Rule 7-1(a)(3).