UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT, LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; JUSTIN SMITH; STUART MCMAHEN; and BLACK LABEL SERVICES, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING RENEWED MOTION FOR SANCTIONS AGAINST JOSHUA CONSTANTIN (DOC. NO. 172)**<br><br>Case No. 2:23-cv-00157<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Millrock Investment Fund 1, LLC has filed a renewed motion for sanctions against pro se defendant Joshua Constantin, arguing he failed to comply with a May 7, 2025 order requiring him to respond to discovery requests.[1] In opposition, Mr. Constantin contends he complied with the order, and he objects to the discovery requests.[2] Millrock's motion is denied. Millrock has not established any basis for sanctions against Mr. Constantin where Millrock has entirely failed to acknowledge Mr.

---

[1] (Renewed Short Form Disc. Mot. for Sanctions Against Joshua Constantin (Renewed Mot. for Sanctions), Doc. No. 172.)

[2] (Def. Joshua Constantin's Resp. in Opp'n to Pl.'s Renewed Mot. for Disc. Sanctions, Doc. No. 173.)

Constantin's April 28, 2025 discovery responses or to identify specific deficiencies in those responses.

## LEGAL STANDARDS

Under Rule 37(b)(2) of the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery," the court may order sanctions including the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
>  . . .
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[3]

And "[i]nstead of or in addition to" these sanctions, the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."[4]

Because Mr. Constantin proceeds without an attorney (pro se), his filings are liberally construed and "held to a less stringent standard than formal pleadings drafted

---

[3] Fed. R. Civ. P. 37(b)(2)(A).

[4] Fed. R. Civ. P. 37(b)(2)(C).

by lawyers."[5]  Still, pro se parties must follow the same rules of procedure that govern other litigants.[6]

## BACKGROUND

On March 21, 2025, Millrock filed a motion relating to discovery requests served on Mr. Constantin and another defendant in July 2024.[7]  Millrock represented that Mr. Constantin had not responded to the discovery requests or to communications from Millrock's counsel regarding the requests.[8]  Millrock asked the court to compel responses and to impose sanctions—including an order prohibiting Mr. Constantin from opposing Millrock's claims or supporting his own defenses.[9]  Mr. Constantin did not respond to the motion.

On April 28, 2025, Mr. Constantin served a sixteen-page document on Millrock, containing discovery responses and objections.[10]  Mr. Constantin made detailed objections to each request and, notwithstanding the objections, substantively responded

---

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[7] (Short Form Disc. Mot. to Compel Disc. and for Sanctions (Mot. to Compel), Doc. No. 150.)

[8] (*Id.* at 2.)

[9] (*Id.* at 2–3.)

[10] (*See* Decl. of John E. Keiter Supporting Opp'n to Def. Joshua Constantin's Req. for Summ. J., Sanctions, and Att'y Fees (Keiter Decl.) ¶ 7, Doc. No. 170-3; Ex. 4 to Opp'n to Def. Joshua Constantin's Req. for Summ. J., Sanctions, and Att'y Fees (Opp'n to Constantin MSJ), Constantin Disc. Resps., Doc. No. 170-4.)

3

to many requests.[11] Neither party informed the court of Mr. Constantin's April 28 discovery responses. Instead, on May 5, 2025, Millrock filed a request to submit the discovery motion for decision—without mentioning Mr. Constantin's April 28 responses, even though they squarely impacted the dispute pending before the court.[12]

On May 7, 2025, unaware of the April 28 responses, the court granted Millrock's motion in part and denied it in part.[13] The court noted Millrock's request to prohibit Mr. Constantin from opposing Millrock's claims or supporting his own defenses amounted to a request for entry of default.[14] Where no prior order compelling a discovery response had been issued, the court found this extreme sanction unwarranted.[15] But the court ordered Mr. Constantin to "fully respond to the interrogatories and produce all requested documents" by May 21, 2025.[16] The court also granted Millrock's request for attorney fees, noting Mr. Constantin's "complete failure to respond to the discovery requests."[17]

On May 20, 2025, Mr. Constantin sent an email to Millrock's counsel stating:

---

[11] (*See* Constantin Disc. Resps., Doc. No. 170-4.)

[12] (Req. to Submit Short Form Disc. Mot. to Compel Disc. and for Sanctions (Req. to Submit), Doc. No. 151.) This document is dated March 19, 2025, but it was actually filed on May 5. The March 19 date is clearly erroneous, where the underlying motion was not filed until March 21.

[13] (Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Short Form Disc. Mot. to Compel Disc. and for Sanctions, Doc. No. 152.)

[14] (*Id.* at 5.)

[15] (*Id.*)

[16] (*Id.* at 6.)

[17] (*Id.*)

> As per my email dated April 28th, 2024 [sic], please be advised that I maintain a total and absolute objection to your discovery demands. In accordance with my prior communication, I have provided the bank statements for the three banks I maintained accounts with during the relevant period, specifically from March 2023 through June 2023. These documents further demonstrate that the lawsuit lacks merit and is entirely frivolous.
>
> These statements should fulfill my obligations regarding the specified discovery period. Should you require any clarification concerning the provided documents, please do not hesitate to contact me.[18]

Mr. Constantin attached bank statements to this email.[19]

On July 28, 2025, Millrock filed this renewed motion for sanctions against Mr. Constantin.[20] In its motion, Millrock still does not mention or acknowledge Mr. Constantin's April 28 discovery responses. Instead, Millrock refers only to Mr. Constantin's May 20 email and the attached bank statements.[21] Millrock argues sanctions should be ordered under subsections (i), (ii), (iii), (vi), and/or (vii) of Rule 37(b)(2)(A) (which include the sanction of default judgment)—"[g]iven [Mr.] Constantin's complete dereliction in responding to discovery."[22]

---

[18] (Ex. 5 to Opp'n to Constantin MSJ, Email from J. Constantin to J. Keiter (May 20, 2025), Doc. No. 170-5.)

[19] (*See id.*)

[20] (Renewed Mot. for Sanctions, Doc. No. 172.) This document is dated March 19, 2025, but it was actually filed on July 28, 2025.

[21] (*Id.* at 2.)

[22] (*Id.* at 3.)

ANALYSIS

Millrock has not demonstrated sanctions are warranted against Mr. Constantin under Rule 37(b)(2). Indeed, Millrock's counsel's failure to acknowledge Mr. Constantin's April 28 discovery responses—in both this renewed motion and in Millrock's request to submit the prior discovery motion for decision—calls into question his candor toward the court.

The Utah Rules of Professional Conduct impose an affirmative duty of candor on all attorneys practicing before the court.[23] Rule 3.3 of the Utah Rules of Professional Conduct states: "A lawyer must not knowingly or recklessly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer[.]"[24] The rule imposes a special duty on lawyers "to avoid conduct that undermines the integrity of the adjudicative process."[25] And while lawyers need not be impartial, they "must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false."[26] The Tenth Circuit also recognizes lawyers have a "duty of candor to the court."[27]

---

[23] Any attorney admitted to practice in the United States District Court for the District of Utah "must comply" with, among other things, the Utah Rules of Professional Conduct. DUCivR 83-1.1(d)(1).

[24] Utah R. Pro. Conduct 3.3(a)(1).

[25] Utah R. Pro. Conduct 3.3 cmt. 2.

[26] *Id.*

[27] *Roosevelt-Hennix v. Prickett*, 717 F.3d 751, 758 n.11 (10th Cir. 2013).

Millrock's discovery motions raise questions about its counsel's compliance with these obligations. In its prior motion to compel, Millrock represented that Mr. Constantin failed to provide any response to Millrock's discovery requests.[28] While this representation may have been accurate when the motion was filed, the situation changed once Mr. Constantin provided discovery responses on April 28. But Millrock failed to inform the court of these responses in the nine days between when they were served and when the court issued its order. Instead, Millrock filed a request to submit the motion for decision which omitted any mention of Mr. Constantin's responses.[29] This resulted in the court entering its May 7, 2025 order based on Millrock's initial representation that Mr. Constantin had provided no discovery responses—which was no longer true. Millrock then filed this renewed motion for sanctions (including dispositive sanctions), still omitting any mention of the April 28 responses and, instead, suggesting Mr. Constantin's only response was providing six bank statements on May 20.[30] Indeed, Millrock accuses Mr. Constantin of "complete dereliction in responding to

---

[28] (Mot. to Compel 2, Doc. No. 150.)

[29] (Req. to Submit, Doc. No. 151.)

[30] (Renewed Mot. for Sanctions 2, Doc. No. 172.) In its motion, Millrock quotes Mr. Constantin's May 20 email, which in turn refers to "my [Mr. Constantin's] email dated April 28th, 2024 [sic]." (*Id.*; Ex. 5 to Opp'n to Constantin MSJ, Email from J. Constantin to J. Keiter (May 20, 2025), Doc. No. 170-5.) But there is no mention of the fact that Mr. Constantin provided substantive discovery responses (a sixteen-page document), not merely an email, on April 28.

discovery,"[31] despite Mr. Constantin's substantive responses to a number of the discovery requests on April 28.[32]

Millrock has not shown any sanctions, let alone dispositive sanctions, are warranted against Mr. Constantin under these circumstances. Where Millrock fails to acknowledge that Mr. Constantin provided any discovery responses (other than bank statements), and does not identify deficiencies in Mr. Constantin's April 28 responses, Millrock has not shown Mr. Constantin failed to comply with the May 7 order. Accordingly, Millrock has not established any basis for sanctions under Rule 37(b)(2)(A). For the same reason, Millrock is not entitled to attorney fees under Rule 37(b)(2)(C).

## CONCLUSION

Millrock's renewed motion for sanctions is denied.[33]

DATED this 9th day of September, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[31] (Renewed Mot. for Sanctions 3, Doc. No. 172.)

[32] On July 9, 2025, Millrock filed Mr. Constantin's April 28 responses as an exhibit to Millrock's opposition to Mr. Constantin's summary judgment motion. (*See* Ex. 4 to Opp'n to Constantin MSJ, Constantin Disc. Resps., Doc. No. 170-4.) But the fact that Millrock acknowledged the discovery responses in briefing an unrelated motion (which was not referred to the undersigned) does not excuse Millrock's failure to present an accurate record in *this* motion—particularly where the entire basis for this motion is Mr. Constantin's purported failure to respond to discovery.

[33] (Doc. No. 172.)