UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT, LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; JUSTIN SMITH; STUART MCMAHEN; and BLACK LABEL SERVICES, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING JOSHUA CONSTANTIN'S MOTION FOR PROTECTIVE ORDER (DOC. NO. 174)**<br><br>Case No. 2:23-cv-00157<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Proceeding without a lawyer, Joshua Constantin filed a motion for a protective order "shielding him from further harassment, undue burden, and oppressive discovery tactics by Plaintiff's counsel."[1]  Millrock Investment Fund 1, LLC did not respond to the motion.  Because Mr. Constantin does not demonstrate good cause for a protective order, his motion is denied.

---

[1] (Def. Joshua Constantin's Mot. for Protective Order Under Rule 26(c) (Mot.), Doc. No. 174.)

## LEGAL STANDARDS

Rule 26(c) permits "[a] party or any person from whom discovery is sought" to move for a protective order.[2] The motion "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[3] Upon a showing of good cause, the court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," such as "forbidding the disclosure or discovery."[4] The moving party bears the burden of establishing good cause for the protective order by showing the discovery at issue "will result in a clearly defined and serious injury."[5] Conclusory statements are insufficient to show good cause.[6]

Because Mr. Constantin proceeds without an attorney (pro se), his filings are liberally construed and "held to a less stringent standard than formal pleadings drafted by lawyers."[7] Still, pro se parties must follow the same rules of procedure that govern other litigants.[8]

---

[2] Fed. R. Civ. P. 26(c)(1).

[3] *Id.*

[4] *Id.*

[5] *Jones v. City of Saratoga Springs*, No. 2:23-cv-00019, 2024 U.S. Dist. LEXIS 158558, at *3 (D. Utah Sept. 3, 2024) (unpublished) (citation omitted).

[6] *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003).

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## ANALYSIS

Mr. Constantin asserts Millrock's counsel has "repeatedly filed motions for sanctions based on alleged deficiencies that do not exist."[9] He argues these motions are not grounded in fact or law but, rather, are "intended to discredit [him] and distract from [Millrock's] inability to support its underlying claims."[10] He contends these tactics "reflect harassment, not legitimate discovery practice."[11] Mr. Constantin also asserts Millrock has "demanded the production of irrelevant personal financial documents far outside the scope of discovery permitted under Rule 26(b)(1)."[12] He contends he has already produced all responsive documents, and "[t]he continued pursuit of broader, irrelevant material imposes an unjustifiable burden."[13] He asks for an order limiting discovery to "that which is directly relevant and proportional to the claims and defenses" and prohibiting Millrock from pursuing further discovery or sanctions motions.[14]

As an initial matter, Mr. Constantin's motion is deficient because it does not include a certification that he conferred or attempted to confer with Millrock in order to

---

[9] (Mot. 2, Doc. No. 174.)

[10] (*Id.*)

[11] (*Id.*)

[12] (*Id.*)

[13] (*Id.*)

[14] (*Id.* at 3.)

resolve the dispute without court action, as required under Rule 26(c).[15]  His motion also fails on the merits—he does not demonstrate good cause for a protective order.

First, with regard to sanctions motions, the record reflects Millrock has filed only two motions for discovery sanctions against Mr. Constantin (the first of which was also a motion to compel discovery responses).[16]  Although Millrock's requests for sanctions were denied,[17] it is not apparent Millrock brought these motions for the purpose of harassment or for any other improper purpose.  And Mr. Constantin has not shown the burden of responding to two motions constitutes an undue burden.  (Mr. Constantin did not even respond to the first motion.)

Mr. Constantin also fails to demonstrate, in this motion, that the discovery requests themselves are unduly burdensome.  He does not identify particular requests to which he objects, nor does he show that responding to the discovery would "result in a clearly defined and serious injury."[18]  Additionally, he does not state whether he timely objected based on relevance or undue burden in response to the discovery requests.  And while he asks for an order prohibiting Millrock from "serving further duplicative or harassing discovery requests,"[19] he has not shown the discovery requests Millrock propounded to date were duplicative or harassing.  Moreover, the deadline to serve

---

[15] Fed. R. Civ. P. 26(c)(1).

[16] (Doc. Nos. 150 & 172.)

[17] (*See* Doc. Nos. 152 & 176.)

[18] *Jones*, 2024 U.S. Dist. LEXIS 158558, at *3.

[19] (Mot. 3, Doc. No. 174.)

written discovery expired in April 2024, and fact discovery closed in May 2025[20]—meaning a protective order prohibiting new discovery requests would be redundant. For these reasons, Mr. Constantin has not shown good cause for entry of a protective order.

## CONCLUSION

Mr. Constantin's motion for a protective order[21] is denied.

DATED this 9th day of September, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[20] (Second Am. Scheduling Order, Doc. No. 148.)

[21] (Doc. No. 174.)