IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC.; HEALTHCARE SOLUTIONS HOLDINGS INC.; LANDES CAPITAL MANAGEMENT LLC; LANDES AND COMPAGNIE TRUST PRIVE KB; JOSHUA CONSTANTIN; JUSTIN SMITH; STUART MCMAHEN; AND BLACK LABEL SERVICES, INC. <br><br> Defendants. | **ORDER GRANTING DEFAULT JUDGMENT AGAINST HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC., LANDES CAPITAL MANAGEMENT LLC, LANDES AND COMPAGNIE TRUST PRIVE KP, AND BLACK LABEL SERVICES, INC.** <br><br> 2:23-cv-000157-RJS-DAO <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Millrock Investment Fund 1, LLC's Motion for Default Judgment Upon Healthcare Solutions Management Group, Inc., Landes Capital Management LLC, Landes and Compagnie Trust Prive Kp, and Black Label Services, Inc. (Corporate Defendants).[1]

Corporate Defendants are in default for failing to appear, plead, or otherwise defend as required by the Federal Rules of Civil Procedure. Millrock served the Corporate Defendants with a summons and copy of the Complaint in the spring of 2023.[2] The time for Corporate

---

[1] Dkt. 182, *Motion for Default Judgment Upon Management Group, Inc., Landes Capital Management LLC, Landes and Compagnie Trust Prive Kp, and Black Label Services, Inc.* (*Motion*).

[2] *See* Dkt. 35, *Affidavit of Service as to Black Label Services*; Dkt. 38, *Affidavit of Service as to Landes and Compagnie Trust Prive KB*; Dkt. 39, *Affidavit of Service as to Landes Capital Management, LLC*; Dkt. 44, *Waiver of Service* (waiving service for Healthcare Solutions Management Group, Inc.).

1

Defendants to answer the Complaint or otherwise appear has expired.[3]  On October 23, 2023, the Clerk of Court entered default against Corporate Defendants.[4]

"Strong policies favor resolution of disputes on their merits."[5]  However, the district court has discretion to enter a default judgment "when the adversary process has been halted because of an essentially unresponsive party."[6]  Default judgments exist to protect a plaintiff against "interminable delay and continued uncertainty as to his rights."[7]  When a plaintiff seeks default against a defendant who has failed to defend the suit, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."[8]  Once jurisdiction is confirmed, the court must decide whether the well-pleaded factual allegations—which are admitted by defendants upon default—are sufficient to support the judgment.[9]

Here, the court has jurisdiction over the subject matter and the parties.  Diversity jurisdiction exists because the adverse parties are diverse and the amount in controversy exceeds $75,000.[10]  Personal jurisdiction exists over the parties involved.  The contracts at issue involve a commercial Property in Draper, Utah.[11]  The damages sought is the equipment funds Millrock

---

[3] *See* Fed. R. Civ. P. 12.

[4] Dkt. 66, *Entry of Default*.

[5] *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation omitted); *see also* 10A Wright & Miller's Federal Practice & Procedure § 2693 (4th ed. 2025) ("Despite the strength of the policies supporting the use of the default penalty, federal judges view default judgments with disfavor. This is because they favor trials on the merits with full participation by all the parties." (citations omitted)).

[6] *In re Rains*, 946 F.2d at 733 (quoting *H.F. Livermore Corp.*, 432 F.2d at 691); *see also Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) ("Decisions to enter judgment by default are committed to the district court's sound discretion." (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997)).

[7] *In re Rains*, 946 F.2d at 732 (quoting *H.F. Livermore Corp.*, 432 F.2d at 691).

[8] *Deville v. Wilson*, 208 F. App'x 629, 631 (10th Cir. 2006) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).

[9] *Bixler v. Foster*, 596 F.3d 751, 761–62 (10th Cir. 2010).

[10] *See* Dkt. 28, *Second Amended Complaint* ¶¶ 1–10.

[11] *Id.* ¶ 2.

paid to defendants, which "could only be used to purchase the equipment that would be needed for the Draper and Keller[, Texas] Surgical Centers."[12]  And the Agreement at issue required "any dispute hereunder may only be brought within the State of Utah."[13]

Plaintiff is entitled to judgment by default against Defendants pursuant to Federal Rule of Civil Procedure 55(b).  For the reasons contained in the Motion, the court finds the allegations in the Second Amended Complaint and Declaration of Brent Smith sufficient to support the judgment.[14]

## ORDER AND JUDGMENT

Based on the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED AND ADJUDGED:

1.    Plaintiff's Motion for Default Judgment is GRANTED.[15]

2.    Judgment is entered in favor of Plaintiff and against Defendants Healthcare Solutions Group, Inc., Landes Capital Management LLC, and Landes and Compagnie Trust Prive KP for the sum of $4,642,000.  The court determines there is no just reason for delay pursuant to Federal Rule of Civil Procedure 54(b).

3.    Post-judgment interest shall accrue at the rate provided by Utah law from the date of this Order until the judgment is satisfied.

---

[12] *Id.* ¶ 38.

[13] *Id.* ¶ 58.

[14] *See id.*; Dkt. 182-6, *Declaration of Brent Smith in Support of Motion for Default Judgment Upon Management Group, Inc., Landes Capital Management LLC, Landes and Compagnie Trust Prive Kp, and Black Label Services, Inc.  See generally Motion* at 5–10.

[15] Dkt. 182.

SO ORDERED this 9th day of January 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge