IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC., et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> 2:23-cv-00157-RJS-DAO <br><br> District Judge Robert J. Shelby <br><br> Magistrate Judge Daphne A. Oberg |

Before the Court is Defendant Justin Smith's Motion for Summary Judgment.[1] The Motion was filed on February 9, 2026.[2] Dispositive motions were due on October 20, 2025.[3] Federal Rule of Civil Procedure 6 provides "the court may, for good cause," extend a deadline after it has passed "if the party failed to act because of excusable neglect."[4]

Excusable neglect requires Smith "to show the deadline [could not] be met despite [his] diligent efforts."[5] The court considers "all relevant circumstances surrounding the party's omission," including "(1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings"; (3) "the reason for the delay, including whether it was within reasonable control of the movant"; and (4) "whether the movant

---

[1] Dkt. 188, *Defendant Justin Smith's Motion for Summary Judgment (And, in the Alternative, Motion for Judgment on the Pleadings)* (*Motion*).

[2] *Id.*

[3] Dkt. 148, *Second Amended Scheduling Order* at 2.

[4] Fed. R. Civ. P. 6 (b)(1)(B).

[5] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. 2017) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

acted in good faith."[6]  "The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect."[7]  Good cause is a higher standard than excusable neglect.[8]

Smith does not sufficiently show excusable neglect.  He filed the Motion over three months late, but fails to reference the original October 2025 deadline or attempt to explain its untimeliness.[9]  The Motion provides no information concerning Smith's efforts to meet the original deadline.[10]  No explanation for the delay is wholly inadequate to meet Smith's burden of showing excusable neglect.  Because excusable neglect is not satisfied, the higher good cause standard is also not satisfied.

For the foregoing reasons, the Motion for Summary Judgment is ORDERED STRICKEN as untimely.[11]

SO ORDERED this 12th day of February 2026.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[6] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[7] *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017).

[8] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) ("Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required." (internal quotation marks and citation omitted)).

[9] *See generally* Motion.

[10] *See generally id.*

[11] Dkt. 188.