IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC, Plaintiff, v. HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC., et al., Defendants. | **MEMORANDUM DECISION AND ORDER** 2:23-cv-00157-RJS-DAO District Judge Robert J. Shelby Magistrate Judge Daphne A. Oberg |

Before the Court is Defendant Justin Smith's Motion to Reopen Discovery.[1] Smith asks the court to reopen discovery for thirty days for the limited purpose of serving Plaintiff Millrock Investment Fund 1, LLC with 10 interrogatories.[2] Millrock opposes the motion.[3] Discovery closed September 5, 2025.[4] For the reasons explained below, the Motion is denied.

## LEGAL STANDARD

Reopening discovery is within the discretion of the district court.[5] Federal Rule of Civil Procedure 16 provides a scheduling order "may be modified only for good cause and with the judge's consent."[6] Good cause requires the movant "show the scheduling deadlines cannot be

---

[1] Dkt. 189, *Defendant Justin Smith's Motion to Reopen Discovery for the Limited Purpose of Serving Interrogatories and Memorandum in Support* (*Motion*).

[2] *Id.* at 1.

[3] Dkt. 193, *Plaintiff's Memorandum Opposing Smith's Motion to Reopen Discovery for the Limited Purpose of Serving Interrogatories* (*Opposition*).

[4] Dkt. 148, *Second Amended Scheduling Order* at 2.

[5] *Smith v. United States,* 834 F.2d 166, 169 (10th Cir. 1987); *see also Bethscheider v. Westar Energy*, 820 F. App'x 749, 751 (10th Cir. 2020) (unpublished) ("The district court has wide discretion in its regulation of pretrial matters," including in deciding a "motion to reopen discovery" (citation modified)).

[6] Fed. R. Civ. P. 16(b)(4).

1

met despite the movant's diligent efforts."[7] A party is not diligent if they are careless with respect to discovery deadlines or merely fail to proceed promptly with discovery and trial preparation.[8] The Tenth Circuit has also identified additional factors the court may consider in determining if good cause exists:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[9]

Smith argues good causes exists because this case was temporarily stayed for three months during the discovery period and was "otherwise inactive" for a time after the stay was lifted.[10] He asserts he "acted diligently under the circumstances," because the "bankruptcy-related disruption, the transition to pro se status, and the current approach of pretrial deadlines created a practical gap in Smith's ability to obtain" the needed discovery.[11] He argues Millrock will be not meaningfully prejudiced by answering limited interrogatories, and he will be greatly prejudiced by defending "a multi-million dollar personal-liability theory without knowing which bank records, wire confirmations, ledger entries, or other documents Plaintiff" plans to use.[12] He

---

[7] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citation modified); *see also* Fed. R. Civ. P. 16(b)(4) advisory committee's note to the 1983 amendment; *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (unpublished) ("Demonstrating good cause under the rule requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." (citation modified)).

[8] *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 989 (10th Cir. 2019).

[9] *Smith*, 834 F.2d at 169.

[10] *See* Motion at 2.

[11] *Id.* at 3.

[12] *Id.*

also argues trial is not imminent because it is "still several months away," and he does not seek a continuance.[13]

The court finds good cause does not exist because Smith has not established he acted diligently. The court issued the first discovery management order on September 1, 2023.[14] Fact discovery closed on May 16, 2025, and expert discovery closed on September 5, 2025—two years after the first discovery order was issued.[15] The case was stayed pursuant to a defendant filing for bankruptcy for approximately three months of that time, from March 15, 2024, until June 24, 2024.[16] Discovery continued for over a year after the stay was lifted—and was extended twice during that time based on stipulated requests from Smith.[17] The mere fact that the stay occurred over a year prior to the close of discovery does not establish Smith acted diligently. Further, over the roughly two years that discovery was ongoing, Smith never served any written discovery on Millrock.[18] Now, Smith fails to provide any explanation for the lack of discovery during the permitted timeline.[19] Diligence is required for good cause to be met, and the court finds Smith has failed to show he acted diligently to meet the original deadline.

Accordingly, the Motion is DENIED.[20]

---

[13] *Id.*

[14] Dkt. 51, *Scheduling Order*.

[15] Dkt. 148, *Second Amended Scheduling Order* at 2.

[16] Dkt. 97, *Order Granting Motion to Stay and Motion for Extension of Time*; Dkt. 114, *Docket Text Order*.

[17] *See Second Amended Scheduling Order*; Dkt. 115, *Stipulated Motion for an Order Amending Scheduling Order and Setting Briefing Deadlines for Pending Motions*; Dkt. 147, *Joint Status Report and Motion for Modification to Scheduling Order (Dkt. 116)*.

[18] *Opposition* ¶ 7; Dkt. 194, *Defendant Justin Smith's Reply Memorandum in Support of Motion to Reopen Discovery* (*Reply*) at 4 ("Defendant does not dispute" that he "failed to send out any written discovery").

[19] *See Motion*; *Reply*.

[20] Dkt. 189.

SO ORDERED this 19th day of February 2026.

                    BY THE COURT:

                    _____
                    ROBERT J. SHELBY
                    United States District Judge