IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MILLROCK INVESTMENT FUND 1, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HEALTHCARE SOLUTIONS MANAGEMENT GROUP, INC., et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>2:23-cv-00157-RJS-DAO<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the Court is Defendant Justin Smith's Motion for Leave to File Motion for Summary Judgment Out of Time.[1]  Smith asks the court for leave to file a Motion for Summary Judgment.[2]  The Motion for Summary Judgment was previously filed on February 9, 2026.[3]  The court struck the filing as untimely, explaining:

> Smith does not sufficiently show excusable neglect.  He filed the Motion over three months late, but fails to reference the original October 2025 deadline or attempt to explain its untimeliness.  The Motion provides no information concerning Smith's efforts to meet the original deadline.  No explanation for the delay is wholly inadequate to meet Smith's burden of showing excusable neglect.  Because excusable neglect is not satisfied, the higher good cause standard is also not satisfied.[4]

On March 25, 2026, Smith filed the pending Motion to cure these defects.[5]

---

[1] Dkt. 200, *Defendant Justin Smith's Motion for Leave to File Motion for Summary Judgment Out of Time* (*Motion for Leave*).

[2] *Id.*

[3] Dkt. 188, *Defendant Justin Smith's Motion for Summary Judgment (and, in the Alternative, Motion for Judgment on the Pleadings)* (*Motion for Summary Judgment*).

[4] Dkt. 191, *Memorandum Decision and Order* (*Order Striking Motion for Summary Judgment*) at 2.

[5] *Motion for Leave* at 1.  Plaintiff Millrock Investment Fund 1, LLC did not file an opposition.  *See* Docket.

## LEGAL STANDARD

This court has wide discretion in regulating pretrial matters.[6] Federal Rule of Civil Procedure 6 provides "the court may, for good cause," extend a deadline after it has passed "if the party failed to act because of excusable neglect."[7] Excusable neglect requires Smith "to show the deadline [could not] be met despite [his] diligent efforts."[8] "Inadvertence, ignorance of the rules, and mistake construing the rules" are insufficient to satisfy excusable neglect.[9] Instead, the court considers "all relevant circumstances surrounding the party's omission," including (1) "the danger of prejudice" to the nonmoving party; (2) "the length of the delay and its potential impact on judicial proceedings;" (3) "the reason for the delay, including whether it was within reasonable control of the movant;" and (4) "whether the movant acted in good faith."[10] "The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect."[11] Good cause is a higher standard than excusable neglect.[12]

---

[6] *See Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990).

[7] Fed. R. Civ. P. 6 (b)(1)(B).

[8] *Utah Republican Party v. Herbert*, 678 F. App'x 697, 701 (10th Cir. 2017) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)).

[9] *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

[10] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[11] *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017); *see also United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (explaining the reason for delay is "a very important factor—perhaps the most important single factor—in determining whether neglect is excusable").

[12] *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) ("Without attempting a rigid or all-encompassing definition of good cause, it would appear to require *at least as much* as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified is normally required." (internal quotation marks and citation omitted)).

Because Smith proceeds pro se, the court liberally construes his pleadings.[13]  But Smith is subject to the same rules of procedure that govern represented litigants.[14]  The court may not act as his counsel.[15]

## ANALYSIS

Smith asks the court to consider a Motion for Summary Judgment five months after the deadline to file dispositive motions and six weeks before trial is set to begin.  The dispositive motions deadline was October 20, 2025.[16]  The Motion for Summary Judgment was first filed on February 9, 2026.[17]  The court struck the Motion for Summary Judgment three days later.[18]  The Motion for Leave was filed over six weeks later, on March 25, 2026.[19]  A two-day bench trial is scheduled to begin on May 12, 2026, and the pretrial conference is scheduled for May 5, 2026.[20]  Nonetheless, Smith argues the excusable neglect and good cause standards have been met.[21]  The court disagrees.

The court begins with the most important excusable neglect consideration: the reason for delay.  Smith explains the delay was caused by (1) ongoing settlement negotiations, (2) the change in Plaintiff's counsel in December 2024, and (3) the complexity of the case.[22]  Smith "does not deny that he should have separately tracked and acted on the October 20, 2025

---

[13] *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

[14] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[15] *Id.*

[16] Dkt. 148, *Second Amended Scheduling Order* at 2.

[17] *Motion for Summary Judgment*.

[18] *Order Striking Motion for Summary Judgment*

[19] *Motion for Leave.*

[20] Dkt. 186, *Trial Order* at 1.

[21] *Motion for Leave* at 3–11.

[22] *Id.* at 3–5.  Smith attaches to the Motion evidence of the ongoing settlement discussions in August and September 2024.  *See* Dkt. 200-3, *Exhibit B* (August 30, 2024 email); Dkt. 200-4, *Exhibit C* (September 16, 2024 email).

deadline," but proffers these other obligations caused him to fail to meet the deadline.[23]  It was not a "strategic decision" to disregard the court's order.[24]  But it is well-established that inadvertence does not establish excusable neglect, and the Motion for Leave fails to provide a sufficient justification beyond mere mistake.[25]  The delay was within Smith's control.  This is especially the case where the delay spanned an extended period; the Motion for Leave comes five months after the deadline.[26]  Courts have rejected motions for leave for much briefer periods.[27]

Further, the other factors weigh against granting leave here.  Trial is imminent.  Contrary to Smith's representations, permitting leave will disrupt the proceedings.[28]  Under the local rules, a nonmovant has twenty-eight days to file an opposition to a motion for summary judgment, and a movant has fourteen days thereafter to file their reply.[29]  Trial is scheduled in a mere six weeks. The court could delay trial or order expedited briefing, but both options prejudice Plaintiff Millrock Investment Fund 1, LLC.  Accordingly, the court concludes Smith fails to meet his burden.

This matter is scheduled for a bench trial.  Smith may raise the arguments advanced in the Motion for Summary Judgment and may introduce the evidence contained therein at trial.

---

[23] *Motion for Leave* at 4.

[24] *Id.* at 3.

[25] *Quigley*, 427 F.3d at 1238.

[26] Smith "acknowledges the delay was substantial."  *Motion for Leave* at 6.

[27] *See, e.g.*, *United States v. Munoz*, 664 F. App'x 713, 716 (10th Cir. 2016) (unpublished) (affirming district court denying leave sought seven days after deadline); *Autry v. Bd. of Cnty. Comm'rs of Grady Cnty.*, No. CIV-22-00054-JD, 2024 WL 6937002 (W.D. Okla. Feb. 20, 2024) (denying leave sought ten days after deadline because inadvertent docketing error does not satisfy excusable neglect).

[28] *Motion for Leave* at 6.

[29] DUCiv.R. 7-1(a)(4)(B).

For the reasons explained above, the Motion is DENIED.[30]


SO ORDERED this 10th day of April, 2026.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[30] Dkt. 200.